**Daniel L. JONES, Appellant,**

v.

**JAY TRUCK DRIVER TRAINING CENTER, INC., Respondent.**

**No. 67520.**

Supreme Court of Missouri,
En Banc.

May 13, 1986.

Julia J. Borel, Kansas City, for appellant.

William Quirk, Robert A. Henderson, Kansas City, for respondent.

DONNELLY, Judge.

Plaintiff Jones was employed by defendant, Jay Truck Driver Training Centers, Inc., (Jay), as an instructor beginning in the summer of 1983. On March 9, 1984, Jones became ill and left work. On March 16 Jay mailed a certified letter to Jones which informed him that he was terminated. This letter was not accepted by Jones until March 31. On March 21, Jay instructed Jones' brother, Ted, to tell Jones he was terminated, which he promptly did. On March 22 Jones went to Jay's premises to ask for his job back, which request was refused. As he was leaving, he fell down the stairs and was injured.

Jones instituted this action against Jay to recover for his injuries based upon the negligence of Jay in maintaining the stairs in an unsafe condition. By way of a motion to dismiss, Jay argued that the circuit court lacked subject matter jurisdiction of the action because there was a "disputed question of fact" regarding whether or not plaintiff was one of Jay's employees at the time of the accident. Jay asserted in his motion that "[t]he Workers' Compensation Commission has exclusive and original jurisdiction over claims for injuries covered by the Workers' Compensation Act, and it also has exclusive and original jurisdiction to determine fact issues establishing its jurisdiction." Jay's motion was sustained.

An appeal was taken to the Western District of the Missouri Court of Appeals where the judgment of the trial court was affirmed. The cause was then transferred to this Court, by order of that Court, and will be considered here "the same as on original appeal." Mo. Const., art. V, § 10.

Section 287.120, RSMo 1978, reads in part as follows:

"1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. * * *."

"It is well settled that [The Workers' Compensation Law] is wholly substitutional in character and that any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable." *McKay v. Delico Meat Products Co.*, 351 Mo. 876, 886, 174 S.W.2d 149, 155 (1943). And, "[i]n all cases cognizable by the Compensation Commission its jurisdiction is exclusive. Whether or not the case comes within the provisions of the act is a question of fact." *Kemper v. Gluck*, 327 Mo. 733, 738, 39 S.W.2d 330, 332 (banc 1931).

Jones relies on *Lamar v. Ford Motor Co.*, 409 S.W.2d 100 (Mo.1966), to support his contention that the circuit court had jurisdiction of his common law action for damages even though a question existed as to whether he was covered by The Workers' Compensation Law at the time of his injury.

Jay relies on *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723 (Mo. banc 1982), to support its contention that the circuit court did not have jurisdiction.

The teaching of *Lamar*, which we reaffirm, is that a circuit court may decide whether plaintiff was an employee when injured but that the primary jurisdiction doctrine will be applied where questions involve "administrative expertise, technical factual situations and regulatory systems in which uniformity of administration is essential." 409 S.W.2d at 107.

To turn to the express language of § 287.120, *supra:* a circuit court may determine whether plaintiff was an "employee" (as in *Lamar, supra*) but may not determine whether there was an "accident arising out of and in the course of * * * employment" (as in *Hannah, supra*). *Cf. Sewell v. Clearing Machine Corporation*, 419 Mich. 56, 347 N.W.2d 447 (1984).

In sum, an injured plaintiff may file an action at common law in a circuit court of Missouri. The defendant may assert by motion or answer that the court lacks jurisdiction of the subject matter because plaintiff was an employee when injured. Rule 55.27. The court may hear the matter in the manner permitted in Rule 55.28. If the court rules it has jurisdiction, the parties may proceed to trial. If the court rules it lacks jurisdiction, plaintiff may appeal.

Jay's motion to dismiss was as follows:

### MOTION TO DISMISS PLAINTIFF'S PETITION FOR DAMAGES

Jay Truck Driver Training Centers, Inc. moves the Court for its Order dismissing plaintiff's Petition for Damages, and as grounds therefor states:

1. Plaintiff makes claims for personal injuries arising out of a fall on some stairs located at Jay Truck Driver Training Centers, Inc.

2. There is a disputed question of fact whether or not plaintiff was an employee of Jay Truck Driver Training Centers, Inc. and sustained an accident which arose out of and in the course of his employment at the time of his alleged fall which would trigger the jurisdiction of the Workers' Compensation Commission.

3. The Workers' Compensation Commission has exclusive and original jurisdiction over claims for injuries covered by the Workers' Compensation Act, and it also has exclusive and original jurisdiction to determine fact issues establishing its jurisdiction.

WHEREFORE, Jay Truck Driver Training Centers, Inc. moves the Court for its Order dismissing plaintiff's Petition for Damages, for its costs herein expended, and for such other and further relief as the Court may deem just and appropriate.

The statements of the trial judge during oral argument on the motion to dismiss indicate that the dismissal may have been based on a finding that Jones was an employee of Jay when injured and not on the basis (raised in the motion) that the court was without jurisdiction to decide such question. We can say with certainty from its face that the motion to dismiss did not raise the question whether plaintiff Jones was the employee of Jay when injured and that we cannot rule the question on the record before us on appeal.

The judgment is reversed and the cause is remanded with directions to permit Jay to plead again and for further proceedings not inconsistent with this opinion.

All concur.