Gary Lindell FERGUSON, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 52485.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 18, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 14, 1988.

Application to Transfer Denied March 15, 1988.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Movant appeals from the denial of his 27.26 motion following an evidentiary hearing. We affirm.

Movant was found guilty in 1982 by a jury of attempted theft of a motor vehicle, § 564.011, RSMo 1978, and was sentenced by the court to serve ten years imprisonment. Movant's direct appeal of his conviction was affirmed. *State v. Ferguson*, 678 S.W.2d 873 (Mo.App.1984).

Movant filed a pro se Rule 27.26 motion alleging, among other matters, that the prosecutor made improper references to his right to remain silent by disclosing a so-called "shopping list" of cars which had been seized from him at the time of his arrest. In an amended motion, appointed counsel raised additional claims including the failure of trial counsel to depose the state's primary witness and to present evidence refuting the witness' identification, and the violation of his due process rights as a result of the prosecutor's referral to a "shopping list" containing other uncharged crimes.

At the evidentiary hearing, movant did not present any witnesses on his behalf except for himself. Movant argued that the prosecutor's "shopping list" argument violated his right to remain silent, and the identification testimony of the state's primary witness was not reliable. During cross-examination, movant conceded that his attorney objected to the "shopping list" argument on a different ground at the time of trial and cross-examined the state's witness.

In denying the motion, the motion court found that movant failed to raise on direct appeal as error the claim of impropriety of the "shopping list" argument, because the issue was available to movant in his trial and his appeal, and therefore, this issue was not cognizable in a Rule 27.26 motion. In addition, the court found that this argument did not necessarily implicate movant's participation in other uncharged crimes nor did this list constitute comment concerning his failure to testify. The court also found that movant's attorney cross-examined the state's witness and that the nature and extent of cross-examination is a matter of trial strategy.

In his sole point on appeal, movant alleges that the trial court erred by holding the "shopping list" argument did not constitute proof of uncharged crimes.

Our review is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 27.26(j). In order for this court to find the motion court's findings and conclusions are clearly erroneous, we must be left with a definite and firm impression that a mistake has been made after reviewing the entire record. *Smith v. State*, 680 S.W.2d 412, 413 (Mo.App.1984). In a Rule 27.26 motion, the movant has the burden of proof by a preponderance of the evidence. Rule 27.-26(f).

We have reviewed the entire record and conclude that the findings, conclusions, and judgment of the motion court were not clearly erroneous.

Judgment affirmed.

SMITH, P.J., and REINHARD, J. concur.