**STATE ex rel. McDONNELL DOUGLAS CORPORATION, Relator,**

v.

**Hon. Brendan RYAN, Judge, Circuit Court, St. Louis City, Respondent.**

No. 69312.

Supreme Court of Missouri,
En Banc.

Feb. 17, 1988.

As Modified on Denial of Rehearing
March 15, 1988.

Thomas C. Walsh, Bruce E. Clark, Elizabeth C. Carver, St. Louis, for relator.

Mark I. Bronson, St. Louis, for respondent.

WELLIVER, Judge.

Relator, McDonnell Douglas Corporation challenges the jurisdiction of the trial court in a lawsuit alleged to be a workers' compensation matter within the exclusive jurisdiction of the Labor and Industrial Relations Commission. Respondent denied relator's motion to dismiss for lack of subject matter jurisdiction. The Court of Appeals, Eastern District denied relator's writ of prohibition. We issued our preliminary rule in prohibition, and now make that rule absolute.

**I**

Relator is a defendant in a common law action for the wrongful death of Matthew L. Colonna, an employee. The decedent's parents, Eugenia Colonna and Joseph Colonna filed this action alleging that (1) at all times mentioned relator was a corporation operating by and through their respective agents, servants and employees acting within the scope of their agency, employment and service; (2) Power Energy Industries inspected the relator's lightning generator for hazards to relator's employees and others; (3) Power Energy Industries' negligence in failing to discover that the generator was being used without any automatic interlock system, without keys to lock entrances to the test cell containing the generator prior to and as a requirement of activation of the generator, and without a safety policy or periodic evaluation and enforcement of safety policies and procedures, directly caused or directly contributed to the cause of decedent's death; (4) on or about April 6, 1983, decedent Matthew L. Colonna was exposed to electric shock from relator's lightning generator which caused his death; (5) relator knew of the specific risk and likelihood of death or serious physical harm to which decedent and other employees were exposed by using the lightning generator without an automatic interlock system and without keys to lock

entrances to the test cell containing the lightning generator prior to and as a requirement for activation of the generator; (6) relator did not utilize an interlock system but rather consciously chose not to alleviate the risk of harm to decedent and other employees; and, that further misfeasance occurred when relator's supervisory employees "either recklessly, or deliberately, or intentionally or deliberately with the specific intent and/or purpose of thereby harming or injuring Matthew Colonna" directed to him in the test cell; and (7) relator "either recklessly, or deliberately, or intentionally or deliberately with the specific intent and/or purpose of thereby harming or injuring Matthew Colonna, exposed Matthew Colonna to the aforedescribed conditions, and acted as aforedescribed, and caused his electrocution." The plaintiffs also alleged that because relator was fined $720.00 by OSHA for the aforementioned conduct, that such violation establishes a tort per se, negligence per se or reckless, deliberate or intentional per se conduct with the specific purpose of harming the decedent. The Colonnas further allege that the described conduct did not constitute an accident within the meaning of the Workers' Compensation Law, § 287.120.2, RSMo 1986. The Colonnas admit that the decedent was a employee working at relator's lightning lab. The Colonnas have settled with Power Energy Industries.

In response to the Colonnas' petition, relator filed a motion to dismiss for lack of subject matter jurisdiction alleging that the injury to decedent was an accident, and that plaintiffs' remedy is a proceeding under workers' compensation. The Colonnas workers' compensation claim is pending. Relator submitted affidavits from decedent's supervisors in which they state that they did not intend any harm towards decedent, and other exhibits from lawsuits previously filed by the Colonnas. The Colonnas did not submit any affidavits to the trial court. The trial court denied relator's motion.

## II

■ Prohibition is the proper remedy to prevent a court from acting without jurisdiction *State ex rel. McDonnell–Douglas Corp. v. Luten,* 679 S.W.2d 278 (Mo. banc 1984); *State ex rel. Barnes Hospital v. Tillman,* 714 S.W.2d 538 (Mo.App.1986). A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise the defense of workers' compensation *Shaver v. First Union Realty Management, Inc.,* 713 S.W.2d 297, 299 (Mo.App. 1986). *Parmer v. Bean,* 636 S.W.2d 691, 695 (Mo.App.1982). *See also Jones v. Jay Truck Driver Training Center,* 709 S.W. 2d 114 (Mo. banc 1986). The court shall dismiss the action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Rule 55.27(g)(3).

## III

■ The liability of employer under workers' compensation is

1. Every employer subject to the provision of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term *"accident"* as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter. § 287.120, RSMo 1986.

The workers' compensation law is substitutional; it supplants all other common-law rights of an employee if the act is applicable. *Jones v. Jay Truck Driver Training*

**154**

*Center,* 709 S.W.2d 114, 115 (Mo. banc 1986) (quoting *McKay v. Delico Meat Products Co.* 351 Mo. 876, 886, 174 S.W.2d 149, 155 (1943)).

Both parties agree an employment relationship existed at the time of decedent's death. The only issue is whether his death was an accident within workers' compensation.

The Colonnas principally rely on *Harryman v. L & N Buick–Pontiac, Inc.,* 431 S.W.2d 193 (Mo. banc 1968), to support their assertion that the trial court has jurisdiction over the underlying cause of action herein. In *Harryman,* plaintiff, a mechanic, was not awarded a workers' compensation claim because his injury, resulting from the removal of an engine block, was not an abnormal or unusual strain or unusual occurrence. *Id.* at 194. This Court permitted the trial court to exercise its jurisdiction in a subsequent common law action brought by the plaintiff against his employer. *Id.* at 198. The *Harryman* case was decided when the Labor and Industrial Relations Commission and this Court narrowly construed the term "accident." Our decisions in *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983) (holding that a unexpected work-related injury not produced by unusual or abnormal strain is an "accident") and *Wynn v. Navajo Freight Lines,* 654 S.W.2d 87 (Mo. banc 1983) (job related heart attack without regard to unusual or abnormal strain is also an "accident") in effect, render the *Harryman* decision a nullity.

This Court stated in *Jones, supra* " 'in all cases cognizable by the Compensation Commission its jurisdiction is exclusive. Whether or not the case comes within the provisions of the act is a question of fact.' " (quoting *Kemper v. Gluck,* 327 Mo. 733, 739, 39 S.W.2d 330, 332 (banc 1931)). We also stated "a circuit court may determine whether plaintiff was an 'employee' but may not determine whether there was an 'accident arising out of and in the course of ... employment.' " *Jones, supra.*

The Labor and Industrial Relations Commission has sole jurisdiction to determine

whether decedent's death was an "accident." Neither the trial court nor this Court can make that determination. The rule in prohibition is made absolute.

BILLINGS, C.J., and BLACKMAR, DONNELLY, ROBERTSON and HIGGINS, JJ., concur.

RENDLEN, J., concurs in result.