**Daniel KILLIAN and Sally Killian, Plaintiffs–Appellants,**

v.

**J & J INSTALLERS, INC., et al., Defendants–Respondents.**

No. 72673.

Supreme Court of Missouri, En Banc.

Jan. 9, 1991.

Michael G. Stokes, Christine A. Gilsinan, St. Louis, for plaintiffs-appellants.

Larry D. Valentine, St. Louis, for defendants-respondents.

Philip A. Klawuhn, Kansas City, Mo., amicus curiae Jill Felling et al.

Lawrence M. Maher, Craig T. Kenworthy, Kansas City, Mo., amicus curiae Linda Salfrank.

ROBERTSON, Justice.

While working as an iron worker for respondent, J & J Installers, Inc. (J & J), Daniel Killian suffered grievous injury when a framework upon which he was standing collapsed. Steel joints and decking fell on him, causing him to fall onto an exposed vertical reinforcing rod. Killian and his wife, Sally, filed a common law action in the Circuit Court of the City of St. Louis claiming that his injuries resulted from intentional acts of J & J. J & J filed a motion to dismiss, challenging the subject matter jurisdiction of the circuit court and arguing that the Labor and Industrial Relations Commission had exclusive subject matter jurisdiction over Killian's claim for damages under the Workers' Compensation Law. Chapter 287, RSMo. The circuit court sustained J & J's motion to dismiss for lack of subject matter jurisdiction. The Court of Appeals, Eastern District, reversed without consideration of *State ex rel. McDonnell Douglas v. Ryan*, 745 S.W.2d 152 (Mo. banc 1988). We granted transfer to consider whether a circuit court has jurisdiction to determine whether an employee's injuries are the product of an accident or the intentional act of an employer. Our jurisdiction is founded on Mo. Const. art. V, sec. 10. The judgment of the circuit court is affirmed.

I.

A.

Section 287.120, RSMo 1986, provides:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such right and remedies as are not provided for by this chapter.

(Emphasis added). Section 287.020.2, RSMo 1986, further defines an "accident" as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury."

"The Worker's Compensation Law is wholly substitutional in character and ... any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable." *Jones v. Jay Truck Driver Training Center, Inc.,* 709 S.W.2d 114, 115 (Mo. banc 1986). This, of course, is the meaning of Section 287.120.2.

### B.

■ The Killians' petition admits that an employer/employee relationship existed between J & J and Daniel but attempts to avoid the substitutional limitations of the Workers' Compensation Law by averring that J & J intentionally injured Daniel. We assume for purposes of this opinion, without so holding and only for the sake of argument, that the Killians' petition sufficiently alleges that Daniel Killian's injuries resulted from intentional acts of J & J. It is the Killians' contention that J & J intentionally caused Daniel's injuries that forms the foundation for their argument that the trial court has jurisdiction to determine whether Daniel Killian's injuries resulted from the intentional act they aver, or an accident as J & J claims. If the former, the Killians may proceed outside the Workers' Compensation Law; if the latter, the Commission has exclusive jurisdiction.

■ Under the primary jurisdiction doctrine, courts will not decide a controversy involving a question within the jurisdiction of an administrative tribunal until after that tribunal has rendered its decision: (1) where administrative knowledge and expertise are demanded; (2) to determine technical, intricate fact questions; (3) where uniformity is important to the regulatory scheme. *Lamar v. Ford Motor Co.,* 409 S.W.2d 100, 106 (Mo.1966). In *Lamar,* this Court held that the determination of the existence of an employer/employee relationship is not a question requiring agency expertise. *Jones v. Jay Truck Driver Training Center, Inc.,* reaffirms that holding, saying that the circuit court has authority to "determine whether plaintiff was an 'employee'.... [The circuit court] may not determine whether there was an 'accident arising out of and in the course of ... employment.'" *Id.* at 114.

■ Undeterred, the Killians argue that *Jones* leaves the determination of the presence of an accident to the trial court and that only the issue of "arising out of and in the course of employment" is forced to the Commission. The Killians' argument is incorrect.

In *Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723 (Mo. banc 1982), this Court ruled that the Labor and Industrial Relations Commission has exclusive jurisdiction to determine whether an employee's injuries resulted from an accident. The Court reasoned that recognition of the concurrent jurisdiction in the circuit court to determine that question would nullify the legislative intent to place exclusive jurisdiction in the Commission. *Id.* at 727. Section 287.120.

This Court again addressed the jurisdiction question in *State ex rel. McDonnell Douglas Corp. v. Ryan,* 745 S.W.2d 152 (Mo. banc 1988). There, the parents of a deceased employee filed a wrongful death action against the employer averring in their petition that the employer acted "either recklessly or deliberately, or intentionally or deliberately, with the specific intent and/or purpose of thereby harming or injuring [the employee] ... and caused his electrocution." *Id.* at 153. As in this case, the parties agreed that an employment relationship existed at the time of the decedent's death.

The only issue before the *Ryan* court was whether the decedent's death was an accident within the Workers' Compensation Act. This Court made its rule in prohibition absolute, holding without dissent, that the circuit court lacked subject matter jurisdiction to consider whether the decedent's death was an accident and that "[t]he Labor & Industrial Relations Commission has sole jurisdiction to determine whether decedent's death was an 'accident.'" *Id.* at 154.

### C.

On the strength of this recent precedent, we hold that the question whether Daniel Killian's injuries were the product of an accident or of an intentional act by the employer lies within the exclusive jurisdiction of the Labor and Industrial Relations Commission. "Neither the trial court nor this Court can make that determination."[1] *Ryan,* 745 S.W.2d 154.

### II.

The judgment of the trial court is affirmed.

HIGGINS, COVINGTON and HOLSTEIN, JJ., and SEILER, Senior Judge, concur.

BLACKMAR, C.J., concurs in separate opinion filed.

RENDLEN, J., concurs and concurs in concurring opinion of BLACKMAR, C.J.

BILLINGS, J., not sitting.

BLACKMAR, Chief Justice, concurring.

I concur.

The respondent is a corporate employer which can act only through natural persons. The order of dismissal applied to it only, and was certified as final in accordance with Rule 74.01(b), leaving the action pending against individual defendants. Then the plaintiffs may maintain tort actions against all of the individuals who may have injured them willfully, recklessly or negligently. *See Hollrah v. Freidrich,* 634 S.W.2d 221 (Mo.App.1982).

The showing that an individual employee of the common employer had committed an intentional tort against the plaintiffs would not negate liability of the corporate employer for workers' compensation benefits. *See Hill v. John Cheezik Imports,* 797 S.W.2d 528 (Mo.App.1990); *see also Stanislaus v. Parmalee Industries, Inc.,* 729 S.W.2d 543 (Mo.App.1987) for a general discussion of co-worker liability. Thus, the petition shows on its face a prima facie claim for workers' compensation benefits. A civil action against the corporation should not proceed until there is an express finding of the Labor and Industrial Relations Commission, rejecting workers' compensation liability. I have a hard time conceiving of a situation in which there could be such a finding, because of intentional infliction of injury. I am aware of no case in which workers' compensation was denied because an intentional act was authorized by formal corporate action. But I would let the Commission make the initial finding.

---

1. Appellants argue for the first time in this Court that the statutory mandate of the Workers' Compensation Law that subject matter jurisdiction over accidents lies in the Labor and Industrial Relations Commission violates the right of access to the courts guaranteed by Mo. Const. art. I, sec. 14. Because constitutional issues are waived if not raised at the first available opportunity, *State v. Thompson,* 627 S.W.2d 298, 303 (Mo. banc 1982), and because the Killians did not raise this issue until transfer of this case to this Court, the issue has not been preserved for our consideration.

The workers' compensation statutes provide mutual benefits and burdens. In return for providing compensation which is both assured and insured, the employer is relieved of the burden of civil actions for damages. Claimants, concerned because of the modest scale of compensation benefits when compared to some civil recoveries, have often tried to get around the interdiction of civil actions by astute pleading. *See e.g. Wood v. Union Electric Company*, 786 S.W.2d 613 (Mo.App.1990). Employers should be free from this kind of harassment until it is authoritatively determined that workers' compensation is not available. Otherwise the mutuality of the compensation statutes is skewed.

The judgment is properly affirmed.