STATE of Missouri ex rel. JONES
CHEMICALS, INC., Relator,

v.

The Honorable A.J. SEIER, Judge of the Thirty–Second Judicial Circuit of the State of Missouri, and, as such, Judge of the Circuit Court of Perry County, Missouri, Respondent.

No. 64818.

Missouri Court of Appeals,
Eastern District,
Writ Division Four.

March 8, 1994.

Thomas C. Walsh, Robert M. Lucy, Michael F. Coles, Bryan Cave, St. Louis, for relator.

Kim R. Moore, Thomas W. Blair, Toohey & Moore, P.C., Perryville, for respondent.

SMITH, Presiding Judge.

Defendant, Jones Chemicals Inc. (Jones), petitioned for a Writ of Prohibition following the denial of its summary judgment motion in *Kristen Clifton, et al. v. Clifton Farms, Inc. and Jones Chemical Co., Inc.,* Cause No. CV 391–73CC. We issued our Preliminary Order in Prohibition which we now make permanent.

The underlying case involves state common law failure to warn claims against Jones arising out of the death of Eugene Clifton, Plaintiff's decedent. Clifton was using Sunny Sol, Jones' name brand of hydrochloric (muriatic) acid, to unclog pipes at the bottom of a shallow water well. Clifton was allegedly fatally overcome by fumes while in the well.

In Plaintiff's first count against Jones (Count II of Plaintiff's Second Amended Petition), Plaintiff alleges that Jones "failed to warn decedent" of the dangerous propensities of Sunny Sol when put to use in a well. Plaintiff further alleges in the second count against Jones (Count III of Plaintiff's Second Amended Petition) that Jones "did not give an adequate warning of the danger" involved in using Sunny Sol in the manner it was so used by Clifton.

Jones filed its motion for summary judgment contending that the Federal Hazardous Substances Act (FHSA), 15 U.S.C. § 1261 et seq., pre-empts this state common law tort action. Jones claims, and Plaintiff agrees, that the label on the Sunny Sol which Clifton used conformed to all the requirements set out under the FHSA. Judge Seier denied Jones' summary judgment motion after determining that the FSHA does not pre-empt state common law tort actions. Jones then petitioned this Court for a Writ of Prohibition.

The narrow issue for our review is whether the FHSA pre-empts state common law failure to warn claims based on the content of a hazardous substance's label where that label conforms to the requirements set out under the FHSA. If such an action is pre-empted, the denial of Jones' motion for summary judgment was in error and the Preliminary Order in Prohibition should be made permanent.

■ State law that conflicts with federal law is "without effect". *Maryland v. Louisiana,* 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981) [12, 13]. This is true because Article VI of the United States Constitution, The Supremacy Clause, "provides that the laws of the United States 'shall be the supreme Law of the Land; ... any Thing in the Constitution or Laws of any State to the contrary not withstanding'". *Cipollone v. Liggett Group, Inc.,* — U.S. —, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) [1] (quoting U.S. Const. art. VI, cl. 2). It is assumed " 'that the historic police powers of the states [are] not to be superseded by ... Federal Act unless that [is] the clear and manifest purpose of Congress' ". *Cipollone,* — U.S. at —, 112 S.Ct. at 2617[1] (quoting *Rice v. Sante Fe Elevator Corp.,* 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947) [2, 3] ). Therefore, our determination as to whether Plaintiff's common law tort actions are pre-empted by the FHSA must begin with an examination of the Congressional intent behind the enactment of the legislation.

■ Congress may explicitly state its intent in the statute's language. *Cipollone,* — U.S. at —, 112 S.Ct. at 2617[2]. Congress' intent may also be implicitly contained in the structure and purpose of the legislation. *Id.* The purpose of the FHSA was to *"provide nationally uniform requirements* for adequate cautionary labeling of packages of hazardous substances which are sold in interstate commerce ...". House Comm. on Interstate and Foreign Commerce, Federal Hazardous Substances Labeling Act, H.R.Rep. No. 1861, 86th Cong., 2d Sess. 2 (1960), *reprinted in* 1960 U.S.C.C.A.N. 2833, 2833 (emphasis added). Further, when the FHSA was amended in 1966, "the legislative

history discussed the *impracticality* of having the *states produce potentially fifty different labels* for a particular hazardous substance". *Moss v. Parks Corp.*, 985 F.2d 736 (4th Cir.1993) [4] (emphasis added). Therefore, "Congress recommended 'a limited preemption amendment which would encourage and permit states to adopt requirements *identical* with the federal requirements for substances subject to the federal act, and to enforce them to complement federal enforcement ...' ". *Id.* (emphasis added) (quoting House Comm. On Interstate and Foreign Commerce, Child Protection Act of 1966, H.R.Rep. No. 2166, 89th Cong., 2d Sess. 3 (1966), *reprinted in* 1966 U.S.C.C.A.N. 4095, 4097). This stated purpose, to only allow state requirements for labelling of hazardous substances where such state requirements are identical to those of the FHSA in order to avoid the impracticality of compliance with potentially 50 different sets of requirements, is the basis for determining if pre-emption exists.

■ Federal pre-emption of state law occurs if: 1) the legislation contains an express congressional command that the legislation pre-empts state law; 2) the state law at issue actually conflicts with federal law; or 3) the inference that Congress left no room for state supplementation arises due to the federal law thoroughly occupying the given field of legislation. *Cipollone,* —— U.S. at ——, 112 S.Ct. at 2617[2].

■ Both parties, as well as this Court, are in agreement that through the FHSA Congress has, in unambiguous terms, preempted state legislative regulation regarding precautionary labeling of hazardous substances by stipulating as follows:

... if a hazardous substance or its packaging is subject to a cautionary labeling requirement under [the FHSA] designed to prevent against risk of illness or injury associated with the substance, no State or political subdivision of a State may establish or continue in effect a cautionary labeling requirement applicable to such substance or packaging and designed to protect against the same risk of illness or injury unless such cautionary labeling requirement is *identical* to the labeling re-

quirement under [the FHSA]. 15 U.S.C. § 1261, note (emphasis added).

This determination that the FHSA pre-empts state legislative regulation of labeling requirements for hazardous substances which fall within the FHSA has been made by other courts as well. *See Moss,* 985 F.2d at 739[4]; *Lee v. Boyle–Midway Household Products, Inc.,* 792 F.Supp. 1001 (W.D.Pa. 1992) [6–9].

■ The question which remains is whether the pre-emption provision of the FHSA or the FHSA as a whole pre-empts state common law tort actions based on a failure to warn where the defendant has complied with the labeling requirements of the FHSA. We find such actions, limited in their scope as is the action before this Court, are pre-empted by the FHSA.

The pre-emption provision of the FHSA specifically denies the establishment of any cautionary labeling *requirement* unless such *requirement* is identical to those under the FHSA. "The phrase 'no *requirement* ...' sweeps broadly and suggests no distinction between positive enactments and common law; to the contrary, these words easily encompass obligations that take the form of common law rules." *Cipollone,* —— U.S. at ——, 112 S.Ct. at 2620 [l.c. pg. 2620] (emphasis added). It is, in fact, the nature of the common law to "enforce duties that are ... affirmative *requirements* ...". *Id.* at ——, 112 S.Ct. at 2620 [r.c. pg. 2620] (emphasis added).

In *Cipollone* the Supreme Court plurality held that the utilization of the terms "requirement or prohibition" evidenced the Congressional intent to pre-empt both state legislative labeling requirements and requirements imposed by state common law through the tort process. In arriving at that holding the court distinguished an earlier statute which prohibited states from requiring any "statement" relating to health and smoking in advertising for properly labeled cigarettes. The "statement" language was held to be pre-emptive only of state legislative enactments not of state common law. FSHA utilizes the "requirement" language.

The use of the phrase "no State or political subdivision of a state may establish or continue in effect a cautionary labeling requirement" leads to the conclusion that Congress intended to pre-empt state common law actions. The above quoted language of the pre-emption provision of the FHSA is, in our view, identical to Congress prohibiting any cautionary labeling requirement imposed or to be imposed under state law, including any state agencies, which is not identical to the requirements under the FHSA. It has been recognized that the phrase "imposed under state law" when used in such things as pre-emption provisions of federal legislation includes common law as well as state legislative enactments. *Id.* Therefore, by use of this language, Congress intended that common law actions be pre-empted if such actions would impose labeling requirements not identical to those under the FHSA.

We conclude that Congress intended to pre-empt state common law tort claims based upon the adequacy of the label on a hazardous substance to the extent that such a cause of action would create labeling requirements different from those under the FHSA. Since both parties agree that the label affixed to the Sunny Sol used by the decedent did conform to FHSA requirements, the only basis for a finding of liability would be that more stringent warnings were necessary on the label. This would directly create labeling requirements in the State of Missouri which are not identical to those of the FHSA. Our decision here corresponds to the same determinations made by other courts. *See Moss,* 985 F.2d at 741[4]; *Yowell v. Chevron Chemical Co.,* 836 S.W.2d 62 (Mo.App.1992) (interpreting an analogous pre-emption provision of the Federal Insecticide, Fungicide and Rodenticide Act).[1]

Accordingly, the circuit court has no power to grant the relief requested in the underlying case. A Writ of Prohibition is the proper remedy in this situation. *See State ex rel. McDonnell Douglas Corp. v. Ryan,* 745 S.W.2d 152 (Mo. banc 1988). The preliminary writ is made permanent.

SIMON and KAROHL, JJ., concur.

---

1. The parties have approached this matter as pre-emption of the common law cause of action of inadequate or improper labeling. It might also be approached as a question of duty wherein compliance with the federal labeling mandate serves as a matter of law to establish no further duty or no breach of duty to plaintiff's decedent. We have not reached our holding on that basis.