**Evelyn LIGHT, Appellant,**

v.

**J.C. INDUSTRIES, Respondent.**

**No. WD 51696.**

Missouri Court of Appeals,
Western District.

April 16, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Renee T. Duffield, Jefferson City, for appellant.

Doudlas L. Van Camp, Jefferson City, for respondent.

Before SPINDEN, P.J., and LAURA DENVER STITH and EDWIN H. SMITH, JJ.

SPINDEN, Presiding Judge.

Brad Light was electrocuted on August 18, 1988, while doing construction work in Jefferson City. His parents, Jerry and Evelyn Light,[1] filed a workers' compensation claim with their son's employer, J.C. Industries (JCI), and an action for wrongful death in circuit court. The Labor and Industrial Relations Commission ruled that Brad Light's death resulted from an accident which was compensable under the workers' compensation laws. Light appeals because this ruling precluded her pursuit of the wrongful death claim. We affirm the commission's ruling.

Brad Light was electrocuted when he touched a cable attached to an electrical pump. Light was working with Bill Stockman who, before the accident, noticed what appeared to be steam or smoke rising from the pump. Stockman reported this to a foreman, Leroy Stockman who told the superintendent, Jerry Hoelscher, that the pump needed to be rewired. Hoelscher told him to stop using it.

Bill Stockman took it upon himself to check the pump and asked Leroy Stockman for tools. He disassembled the pump's top and looked inside. Finding nothing amiss, he reassembled the pump, plugged in the electrical cord, and told the foreman that he had the pump running again. About an hour later, Brad Light, standing in a puddle of water a half-inch deep, touched a metal cable attached to the pump and suffered an electrical jolt. He died a brief time later.

His parents received $3355.15 in workers' compensation for their son's medical and fu-

---

1. Jerry Light is no longer a party in this case because of his death in January 1990.

neral expenses. On August 14, 1989, they filed a wrongful death action in circuit court.

On May 10, 1991, Evelyn Light filed a claim with the Division of Workers' Compensation for a determination as to whether her son's death was an accident. After a hearing, an administrative law judge concluded that the death resulted from an accident. In her order, the ALJ said that she was unable to determine the exact cause of the death because it could have resulted from several causes proposed.[2] The commission affirmed the ALJ's decision. Evelyn Light appeals.

■■■■ She contends that the commission erred in determining that her son's death resulted from an accident as that term is used in § 287.120, RSMo 1994. She argues that JCI's acts were intentional because its supervisors knew with substantial certainty that the pump was likely to emit a deadly electrical current, yet the foreman disobeyed the superintendent's instruction to stop using it.

Section 287.120 says:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death except such rights and remedies as are not provided for by this chapter.

Workers' compensation for employment accidents is an employee's exclusive remedy against his employer. *Hedglin v. Stahl Specialty Company*, 903 S.W.2d 922, 926 (Mo. App.1995). Although an employer has a duty to provide a safe work environment, the employer is immune under § 287.120.1 from common law liability for breaching that duty so long as the employer does not intentionally injure the employee. *State ex rel. Hartman v. Kintz*, 832 S.W.2d 9, 10 (Mo.App. 1992).

Evelyn Light contends that she established that her son's death resulted from JCI's intentional conduct; therefore, her exclusive remedy was not workers' compensation benefits. We disagree.

She claims that JCI's intentional acts caused her son's death because JCI did not inspect electrical equipment according to national safety codes; it permitted unskilled workers to repair electrical tools and equipment; it did not hold weekly meetings as required by company policy; its foreman and superintendent were aware of the danger of electrocution on the job site; employees had received electrical shocks from the pump and other extension cords before Light's death; it allowed construction equipment to roll over the pump's power cord and allowed it to become embedded in mud and water; and it permitted its employees, contrary to a warning label on the pump, to handle the pump while it was connected to electricity. She also claims that the power cord was permitted to lie in mud and water although a cut caused by trackhoe's rolling over it had been repaired with tape. She claims that her son had received no training regarding the pump and had not been informed about the warning on the side of the pump. She points to Leroy Stockman's allowing Bill Stockman, who was not qualified to repair the pump, to open it although he knew that JCI forbade laborers from repairing their own equipment and allowing Bill Stockman to put the pump back in operation in disobedience of the superintendent's order to discontinue using it. She points to Occupational Safety and Health

---

**2.** Although most of the experts agreed that Brad Light's death was attributable to electric shock, the exact escape route of the electricity from the pump or the pump's cord could not be determined.

Administration regulations violated by JCI, including not ensuring that the pump was free from a hazard likely to cause death or serious physical harm, not having an effective safety program or maintaining a log of recordable injuries and illnesses, and using worn and frayed electrical cords or cables. Light asserts that this evidence showed that JCI knew with substantial certainty that the pump would electrocute Brad Light.

In determining whether the claim was covered by the workers' compensation statute, the commission applied the standard set forth in *Speck v. Union Electric Company*, 741 S.W.2d 280 (Mo.App.1987). The parties do not dispute the *Speck* standard as the proper one.

In *Speck*, this court's Eastern District concluded that "when an employer acts intentionally and is substantially certain that injury to an employee will result, the employer has a specific purpose to inflict injury." *Id.* at 283. The court decided that the plaintiffs' claim that the employer had exposed the employee to asbestos-containing products and materials by requiring him to work with these products and had deliberately and intentionally failed to warn the employee about the dangers associated with asbestos was barred by the workers' compensation laws. The court concluded, however, that the plaintiffs' claim that the employer had intentionally withheld information regarding the employee's health "might form the basis for a cause of action," and the court remanded the case to give the plaintiff an opportunity to "replead." *Id.*

For conduct to support a finding that it was intended to cause injury, the actor must have intended to cause the injury, "not merely an intent to do the act purportedly resulting in the claimed injury." *Gary Surdyke Yamaha, Inc. v. Donelson*, 743 S.W.2d 522, 525 (Mo.App.1987). As Dean Prosser explained:

> [T]he mere knowledge and appreciation of a risk—something short of substantial certainty—is not intent. The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but it is not an intentional wrong.

W. Page Keeton, gen. Ed., Prosser and Keeton on the Law of Torts § 8 at 36 (5th ed.1984).

Sufficient evidence supported the commission's decision that JCI did not act intentionally to injure or to kill Brad Light. Certainly, it knew of the risk created by an electrical device operating in water, but the evidence amply supports the commission's finding that no one understood that Brad Light's working with cables attached to the pump was substantially certain to electrocute him. We agree with Evelyn Light that enough "red flags" were up that prudence may have dictated that no work occur around the pump while it was powered, but JCI's failure to recognize these "flags" was negligence, not intentional conduct. We, therefore, affirm the Commission's award.

All concur.