STATE of Missouri, ex rel. FAG
BEARINGS CORPORATION,
Relator,

v.

The Honorable Timothy W. PERIGO,
Judge of the 40th Judicial Circuit of
the State of Missouri, Respondent.

No. 22840.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 15, 1999.

Motion for Rehearing or Transfer Denied
Nov. 8, 1999.

David F. Oliver, Stephen M. Bledsoe, Berkowitz, Feldmiller, Stanton, Brandt, Williams and Sturve, LLP, Kansas City, Anne R. Wells, Wells & Garrison, P.C., Neosho, for Relator.

Glenn R. Gulick, Jr., Hershewe & Gulick, P.C., Joplin, for Respondent.

GARRISON, Chief Judge.

This case is before us on the petition of FAG Bearings Corporation ("FAG Bearings") for a writ of prohibition. In its petition, FAG Bearings seeks our order prohibiting Judge Timothy W. Perigo ("Respondent") from further exercising jurisdiction over a case styled Sylba James Truelove and Christal Truelove vs. FAG Bearings Corporation and Wayne Allison (collectively referred to as "defendants") filed in the Circuit Court of Newton County, Missouri (the "suit"), and directing Respondent to enter an order dismissing that suit.[1] The issue is whether jurisdiction of the suit is in the Circuit Court of Newton County or before the Missouri Labor and Industrial Relations Commission (the "Commission"). We entered a preliminary order, which we now make absolute.

Sylba James Truelove ("Truelove") was employed by FAG Bearings from 1972 un-

---

1. FAG Bearings' petition seeks relief both in the nature of prohibition and also mandamus.

til 1995 at its ball-bearing manufacturing plant in Joplin, Missouri during which time, Wayne Allison ("Allison") was the plant foreman. The suit filed by Truelove and his wife, Christal ("Christal"), alleged that FAG Bearings used trichlorethylene ("TCE"), a hazardous chemical, in its manufacturing process; that FAG Bearings and Allison directed and ordered Truelove to participate in activities outside his normal job requirements by cleaning a pit containing chemicals including TCE which constituted a hazardous condition; that the defendants knew or should have known that serious health risks were associated with exposure to TCE; that their intentional actions of requiring Truelove to clean the pit constituted a reckless disregard for human life, and was not ordinary negligence or an accident arising out of the course and scope of Truelove's employment; that FAG Bearings deliberately failed to warn Truelove about the dangers of TCE exposure and withheld information from him regarding his health; that the acts of the defendants "were not a mere breach of an employee's [sic] duty to provide a safe workplace, but arose to the level of something more, and in fact arose to the level of intentionally and recklessly causing [Truelove] harm by the specific acts of subjecting him to a toxic chemical"; and that as a result of such exposure, Truelove sustained damage. The petition also contained a claim for loss of consortium by Christal, and a claim for punitive damages.

FAG Bearings and Allison filed a motion to dismiss the suit, claiming that the trial court lacked subject matter jurisdiction. In support of the motion they alleged that Truelove had earlier filed a worker's compensation claim; that there had not been a ruling on the issue of whether Truelove's workplace injuries were accidental or intentional; that the Commission has sole jurisdiction to determine if the injuries were accidental or intentional; and that a civil action may be commenced only if there is a determination that the injuries were intentional. The trial court sustained the motion as to Allison, saying that the plaintiffs had not pled sufficient facts to permit a determination of whether Allison committed an affirmative act causing or increasing the risk of injury which constituted something beyond a breach of his duty of general supervision. It denied the motion as to FAG Bearings saying that the Worker's Compensation Law does not bar the claim for aggravation of alleged illnesses resulting from its alleged fraudulent concealment of the hazardous working conditions. FAG Bearings filed the instant petition for a writ of prohibition following this ruling.

██ The primary purpose of a writ of prohibition is to prevent usurpation of judicial power, not to provide a remedy for all legal difficulties nor serve as a substitute for appeal. *State ex rel. Less v. O'Brien*, 814 S.W.2d 2, 3 (Mo.App. E.D. 1991). Prohibition may be used to challenge a trial court's jurisdiction. *State ex rel. Mitchell v. Dalton*, 831 S.W.2d 942, 943 (Mo.App. E.D.1992). In particular, prohibition is an appropriate remedy when it appears from the fact of the pleadings that defendant is immune from the suit as a matter of law. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 444 (Mo. banc 1986). A circuit court lacking subject matter jurisdiction may take no action other than to dismiss the suit. *Beach v. Director of Revenue*, 934 S.W.2d 315, 318 (Mo.App. W.D.1996). A motion to dismiss is an appropriate means of raising an issue about whether the circuit court or the Commission has subject matter jurisdiction. *State ex rel. McDonnell Douglas v. Ryan*, 745 S.W.2d 152, 153 (Mo. banc 1988).

██ In support of its petition in this court, FAG Bearings contends that Respondent usurped the exclusive jurisdiction of the Commission by asserting subject matter jurisdiction over the petition filed by Truelove and Christal for work-related injuries against his former employer prior to a determination by the Commission that

a civil action was appropriate. This contention has its basis in the following portions of § 287.120:[2]

1. Every employer subject to the provisions of this chapter shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.[3]

The Worker's Compensation Law is wholly substitutional in character and any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable. *Jones v. Jay Truck Driver Training Center,* 709 S.W.2d 114, 115 (Mo. banc 1986).

In support of its contention, FAG Bearings cites several compelling Missouri Supreme Court cases. In *Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723 (Mo. banc 1982), plaintiff first filed a worker's compensation claim for injuries sustained in the course of his employment, but did not pursue that claim further after the employer denied that the injuries were a result of an accident. Instead, he proceeded to file a common law negligence action against his employer, claiming that those injuries were not the result of an accident within the meaning of the Worker's Compensation Law. The trial court directed a verdict for the employer and the issue before the Missouri Supreme Court was actually whether plaintiff had made a submissible case. *Id.* at 724. In arguing that the trial court properly directed a verdict in its favor, the employer argued that the trial court could have found that the Worker's Compensation Law as the exclusive remedy covered the claim. The Supreme Court noted that the Commission has exclusive and original jurisdiction over claims for injuries covered by the Worker's Compensation Law, and also has original jurisdiction to determine the fact issues establishing jurisdiction. *Id.* at 726. It concluded that if the case were retried, the trial court should be guided by *Sheen v. DiBella,* 395 S.W.2d 296, 303 (Mo.App. K.C.1965), which indicated that the Commission has exclusive and original jurisdiction in determining the applicability of the Worker's Compensation Law. *Id.* at 727.

In *Jones,* the defendant filed a motion to dismiss the plaintiff's personal injury suit claiming that the circuit court lacked sub-

---

**2.** All statutory references are to RSMo 1994 unless otherwise indicated.

**3.** Truelove alleged in his petition employment by FAG Bearings from 1972 through 1995. Prior to a 1993 amendment, "accident" was defined in § 287.020.2 as meaning "an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objections symptoms of an injury." In 1993 that section was amended, in pertinent part, to define "accident" as "an unexpected or unforeseen

identifiable event or series of events happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury. An injury is compensable if it is clearly work related. An injury is clearly work related if work was a substantial factor in the cause of the resulting medical condition or disability. An injury is not compensable merely because work was a triggering or precipitating factor." We need not decide which of the two definitions would apply to this case.

ject matter jurisdiction because of a dispute about whether the plaintiff was its employee at the time of the accident. The Court held that the circuit court had jurisdiction to determine whether a plaintiff was an "employee" of the defendant, but in what could be viewed as dicta, also said that the "primary jurisdiction doctrine" applies to questions involving "administrative expertise, technical factual situations and regulatory systems in which uniformity of administration is essential." 709 S.W.2d at 115. Consequently, the Court said that while the circuit court may determine whether plaintiff was an employee, it could not determine whether there was an accident arising out of and in the course of employment. *Id.*

Next the Supreme Court decided *State ex rel. McDonnell Douglas* in which McDonnell Douglas sought a writ of prohibition to prevent the trial court from continuing to assume jurisdiction of a wrongful death suit filed against it concerning an employee. The suit alleged that McDonnell Douglas knew of the specific risk and likelihood of death or serious injury to which decedent was exposed, and either recklessly or deliberately with the specific intent and/or purpose of harming the decedent exposed him to those conditions. McDonnell Douglas filed a motion to dismiss for lack of subject matter jurisdiction alleging that the death was by accident with the result that the remedy was under worker's compensation. The Missouri Supreme Court issued a writ of prohibition, holding that the Commission has sole jurisdiction to determine whether the death was an accident, and that neither the trial nor appellate courts can make that determination. 745 S.W.2d at 154.

In *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158 (Mo. banc 1991), plaintiff filed a common law action against his employer alleging that injuries he received on the job resulted from the employer's intentional acts. The employer filed a motion to dismiss challenging jurisdiction on the theory that the Commission had exclusive subject matter jurisdiction over the claim. The Missouri Supreme Court, noting that the plaintiff was attempting to avoid the provisions of the Worker's Compensation Law by averring that the employer intentionally injured him, granted transfer "to consider whether a circuit court has jurisdiction to determine whether an employee's injuries are the product of an accident or the intentional act of an employer." *Id.* at 159. The Court noted the primary jurisdiction doctrine and referred to its earlier cases of *Jones, Hannah,* and *State ex rel. McDonnell Douglas* in holding that "the question whether [plaintiff's] injuries were the product of an accident or of an intentional act by the employer lies within the exclusive jurisdiction of the [Commission]. 'Neither the trial court nor this Court can make that determination.'" *Id.* at 161.

After *Killian* the Missouri Supreme Court decided *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6 (Mo. banc 1992), a suit by an employee against his employer and foreman alleging negligence and intentional tort. The trial court granted employer's motion to dismiss on the basis that the Commission had exclusive subject matter jurisdiction. On appeal, the Court acknowledged its holding in *Killian* that the Commission has exclusive jurisdiction to decide whether injuries to an employee resulted from an accident or an intentional act by the employer, but noted that the *Goodrum* plaintiffs pleaded that an intentional tort by an employer is not an "accident" and is thus beyond the purview of the worker's compensation laws. *Id.* at 8. The Court reaffirmed that *Killian* is based on the doctrine of "primary jurisdiction" under which there are circumstances where courts will not decide a controversy involving a question within the jurisdiction of an administrative tribunal until after the tribunal has rendered its decision, and acknowledged its holding in that case that the Commission, rather than the circuit court, has exclusive jurisdiction to decide whether injuries were the product of an accident or of an intentional act on the part of the employer. *Id.* at 9. In *Good-*

*rum* the Court reviewed and rejected several constitutional challenges to its holding in *Killian* and affirmed the dismissal of the suit by the trial court.

In the instant case Respondent relies primarily on *Speck v. Union Elec. Co.*, 741 S.W.2d 280 (Mo.App. E.D.1987), involving a wrongful death suit against the employer, Union Electric Co., allegedly arising from the decedent's exposure to asbestos.[4] In *Speck* the trial court dismissed the count against the employer based on its motion that the Worker's Compensation Laws provided the exclusive remedy. The appellate court affirmed the dismissal saying that plaintiffs had not pleaded that the employer had a specific purpose to inflict injury. It held, however, that plaintiffs' allegations that the employer intentionally withheld information about the employee's health might form the basis for a cause of action based on a specific purpose to inflict injury and it reversed and remanded to give plaintiffs an opportunity to replead. *Id.* at 283.

We interpret *Speck* as describing the standard by which to determine whether an employer's conduct was intentional instead of accidental. Even with reference to the possibility of a claim for intentionally withholding information about an employee's health, the Court said that such allegations might form the basis for a cause of action in light of its interpretation of the requirements for an intentional injury, to wit: when an employer acts intentionally and is substantially certain that injury to an employee will result, the employer has a specific purpose to inflict

injury.[5] *Id.* at 283. Even with reference to that potential claim, the *Speck* court indicated that it was considering that possibility on the basis of an intentional injury as opposed to accidental. *Speck* has, in fact, been applied as the basis upon which the Commission determines whether an injury is accidental and compensable under the Worker's Compensation Laws, or intentional. *Light v. J.C. Industries*, 926 S.W.2d 25, 28 (Mo.App. W.D.1996). *Speck* does not indicate that the issue of whether the circuit court or the Commission has exclusive jurisdiction to decide if an injury is accidental or intentional was raised or considered in that case. After *Speck*, however, the Missouri Supreme Court decided the cases referenced above deciding that specific issue which we interpret as being contrary to Respondent's position here. We are constitutionally bound to follow the latest decisions of the Missouri Supreme Court. Mo. Const. Art.V, Sec. 2; *Cantrell v. Bank of Poplar Bluff*, 702 S.W.2d 935, 940–41 (Mo.App. S.D.1985).

We are constrained to follow the pertinent Supreme Court decisions of this State. Accordingly, we make our preliminary order in prohibition absolute and order that Respondent take no further action in this case other than to grant FAG Bearings' motion to dismiss.

PREWITT, J., and BARNEY, J., concur.

4. In *Speck* plaintiffs alleged that the decedent was required by the employer to work with asbestos containing products, the employer deliberately and intentionally failed to warn him about the dangers associated with asbestos, deliberately and intentionally withheld information regarding his health, and deliberately and intentionally ordered him to work with deleterious materials and thereby committed an assault and battery on him. In the instant suit, Truelove has made the same allegations, only with reference to TCE rather than asbestos.

5. While the *Speck* court remanded to give the plaintiffs an opportunity to replead concerning the withholding of information about the decedent's health, the authority it relied on in doing so indicated that the Worker's Compensation Law might not bar a cause of action for aggravation of illnesses resulting from the employer's fraudulent concealment of already discovered disabilities. Although not significant to this opinion, we note that here Truelove does not allege aggravation of *illnesses* resulting from the fraudulent concealment of already discovered disabilities.