David HARRIS, Appellant,

v.

**WESTIN MANAGEMENT COMPANY EAST and Jeremy Neu, Respondents.**

No. SC 88352.

Supreme Court of Missouri, En Banc.

Aug. 7, 2007.

David N. Damick, St. Louis, for Appellant.

J.A. Felton, R. Kent Sellers, Mara H. Cohara, Kansas City, for Respondents.

PER CURIAM.[1]

### Introduction

David Harris was a Westin Hotel employee being driven to work. The vehicle in which he was a passenger was struck by Jeremy Neu, another Westin Hotel employee. The accident occurred on Spruce Street, a public thoroughfare near the hotel at which they worked. Harris sued Neu and Westin Management Company East, which owns and operates the Westin Hotel. Westin sought to have the case dismissed on the basis that the trial court was without subject matter jurisdiction and that jurisdiction lay solely in the division of workers' compensation. The trial court agreed with Westin and dismissed Harris' petition for lack of subject matter jurisdiction. Because it does not appear by a preponderance of evidence that the case is governed by the workers' compensation law, the judgment is reversed, and the case is remanded.

### Factual and Procedural Background

A friend was driving Harris to work on Spruce Street. Neu drove a van from the Westin Hotel driveway onto the street and struck the vehicle on Harris' side. At the time of the accident, Harris and Neu were employed at the Westin Hotel. Neu was employed as a valet driver, and the parties do not dispute that he was already in the course and scope of his employment while Harris was traveling to work. The parties do dispute, however, whether Harris was in the course and scope of his employment at the time of the accident.

Harris filed a suit against Westin and Neu for the injuries he sustained from the accident. Harris also submitted a claim, *pro se*, for workers' compensation arising out of the accident. He later dismissed this workers' compensation claim. The trial court dismissed Harris' tort suit without prejudice for lack of primary subject matter jurisdiction, finding that the question of whether his injury occurred in the scope and course of his employment rests exclusively with the Labor and Industrial Relations Commission. Harris appeals.

### Point on Appeal

Harris correctly contends that the trial court erred in dismissing his claims for lack of subject matter jurisdiction because the court cannot abrogate its duty to make the determination of its own jurisdiction absent a preponderance of the evidence showing that jurisdiction is lacking.

### Standard of Review

■ As noted in *James v. Poppa*, 85 S.W.3d 8, 9 (Mo. banc 2002), a motion to

---

1. The Court of Appeals, Eastern District, transferred this case to this Court by an opinion authored by the Honorable Sherri B. Sullivan. *Mo. Const. art. V, sec. 10.* Parts of that opinion are incorporated without further attribution.

dismiss for lack of subject matter jurisdiction is an appropriate means of raising the workers' compensation law, chapter 287,[2] as a defense to a common law tort action. A court shall dismiss the action whenever it appears that the court lacks subject matter jurisdiction. As the term "appears" suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction. *Id.*

## Discussion

■■■ The determination of the existence of an employer/employee relationship is not a question requiring agency expertise. *Killian v. J. & J. Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991). As *Killian* noted, the trial court has the authority to determine whether a plaintiff was an employee at the time of the accident because the issue does not involve matters within the expertise of the commission. *Id.* By contrast, the commission has expertise in determining whether the accident arose out of and in the course of the plaintiff's employment and, thus, that factual issue is left to it in the first instance. *Id.* All of these rules, however, must be considered in light of the fact that jurisdiction remains in the trial court unless it appears by a preponderance of the evidence that the matter falls within the exclusive jurisdiction of workers' compensation law. *James*, 85 S.W.3d at 9. That standard is not met merely by allegations of one party, as are made here by defendant, that the commission has jurisdiction. Rather, the court must examine the facts presented and find by a preponderance of the evidence that the issue contested is one within the commission's expertise.

■■■ In this case, while Westin makes the bare assertion that Harris' injury arose within the scope and course of his employment, the record is uncontested that Harris had not yet arrived at work at the time of the accident. Neu collided with the vehicle in which Harris was riding while Harris was on his way to work, traveling on a public street, not on hotel property or its extended premises. Missouri law is clear that accidents occurring going to or from work do not provide a basis for recovery under workers' compensation law. *Wells v. Brown*, 33 S.W.3d 190, 192 (Mo. banc 2000); *McClain v. Welsh Co.*, 748 S.W.2d 720, 724–25 (Mo. App.1988).

> Going to or returning from employment is one of those essential conditions of employment that every worker must present oneself to perform duties at the assigned location for which he was hired and depart therefrom when the work day is ended. Going to or returning from employment is a personal act, akin to dressing, grooming and presenting oneself for work. In other words, a trip to or from one's place of work is merely an inevitable circumstance with which every employee is confronted and which ordinarily bears no immediate relation to the actual services to be performed.

*McClain*, 748 S.W.2d at 724–25. (internal citations omitted).

Harris was not at work when the accident at issue occurred. No evidence created a factual dispute on this issue. As such, the fact that an employer/employee relationship exists between Harris and the employer of the tortfeasor is incidental to Harris' civil cause of action. When one is not at work, workers' compensation law does not apply, whether one is located miles from the workplace or is merely driving by his or her place of employment on a public street. As a result, there is no question for the commission to resolve as

---

**2.** All statutory references are to RSMo Supp. 2006.

**4**

to whether Harris was acting within the course and scope of his employment. Under these facts, there was no need for the commission's exercise of expertise.

Nothing in the record puts Harris' tort claim for the injuries he suffered from Neu colliding with the vehicle in which he was riding within the realm of workers' compensation.[3]

### Conclusion

The judgment is reversed, and the case is remanded.

STITH, C.J., TEITELMAN, LIMBAUGH, RUSSELL and WOLFF, JJ., and KINDER, Sp.J., concur.

PRICE, J., not participating.

---

**3.** Respondents contend that Harris asserted a premises liability claim in his petition, which constitutes an admission that he was on Westin's property when the accident occurred. Harris' premises liability claim concerns an alleged hazardous condition on Westin's premises, i.e., the lack of a stop sign, which allowed the collision and injuries to happen to Harris on an adjoining public thoroughfare that is not part of Westin's property. Such a claim does not place Harris on Westin's property.