Opinion issued October 13, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00763-CR

_____

**DONOVAN DWIGHT SIMMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1056045**

---

## MEMORANDUM OPINION

Appellant, Donovan Dwight Simms, pleaded guilty without an agreed recommendation as to punishment to the felony offense of aggravated robbery with a deadly weapon. On June 7, 2006, the trial court issued its judgment finding appellant guilty and sentencing him to 15 years' imprisonment. Appellant did not

appeal his conviction. Appellant subsequently filed applications for writs of habeas corpus that have been either denied or dismissed by the Court of Criminal Appeals. *See*, *e.g.*, *Ex parte Simms*, No. WR–68,174–03, 2015 WL 1014876, at *1 (Tex. Crim. App. Mar. 4, 2015) (order, not designated for publication).

On May 29, 2015, appellant filed a "Petition for Production and Inspection of Grand Jury Proceedings and/or Testimony." On August 4, 2015, appellant filed a "Motion to Dismiss Indictment for Improper Grand Jury Proceedings." On August 21, 2015, appellant filed a notice of appeal claiming that his post-conviction petition for production and motion to dismiss the indictment were denied by operation of law. We dismiss the appeal for lack of jurisdiction.

The relief sought by appellant can only be granted by a post-conviction writ of habeas corpus. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d

196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted). Because appellant's felony conviction became final in 2006 and appellant has filed post-conviction habeas applications, this is a final post-conviction felony proceeding and we have no jurisdiction over the appeal. *See Harper v. State*, No. 01–14–00576–CR, 2014 WL 4723274, at *1 (Tex. App.—Houston [1st Dist.] Sept. 23, 2014, no pet.) (mem. op., not designated for publication) (dismissing appeal of final post-conviction felony proceedings for lack of jurisdiction); *Medina v. State*, No. 01–14–00117–CR, 2014 WL 1494304, at *1–2 (Tex. App.—Houston [1st Dist.] April 15, 2014, no pet.) (mem. op., not designated for publication) (same).

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).