George E. SHEEN, Employee,
Claimant-Appellant,

v.

Joseph DiBELLA, Employer, Respondent,

Massachusetts Bonding and Insurance Company, Insurer, Respondent.

No. 24232.

Kansas City Court of Appeals.

Missouri.

Oct. 4, 1965.

Richard A. Erickson, Donald W. Johnson, Kansas City, for appellant.

Joseph B. Bott, Kansas City, for respondent.

MAUGHMER, Commissioner.

This is a Workmen's Compensation case. The award of the Commission, following a full hearing on the merits, denied compensation and was on review affirmed by the circuit court. Claimant has appealed on the sole ground that the determinative issues decided by the Commission and upon which the award was based had become res judicata by reason of a prior judgment entered by the circuit court in a common law action for damages.

To determine this appeal requires a review of the factual evidence heard by the Commission or Referee, including the statements made and evidence submitted in the common law action based upon negligence, which was brought by claimant against the named employer, as the same were incorporated into the transcript of the proceedings before the Commission.

The defendant in the common law action and the alleged employer in the compensation claim is Joseph DiBella. He was the owner and operator of a tavern or restaurant located in Kansas City, Missouri, d/b/a El Serena Buffet. Some time prior to February 17, 1957, the date of the accident, he had extensively remodeled and renovated the premises in which his business was housed. The claimant George E. Sheen, then 72 years of age, was a contractor or construction superintendant. He supervised this remodeling and for his services was paid a fee amounting to ten percent of the cost and totaling more than $3,000. This work had been entirely completed before the accident occurred.

According to the evidence a catalpa tree, about 15 feet in height and 18 inches in diameter, stood close to the buffet building. Its leaves fell into the gutters and defendant wanted it removed. He expressed

this desire in the presence of plaintiff and plaintiff offered to remove the tree. On Sunday, February 17, 1957, plaintiff, bringing his electric saw, came onto the premises and assisted by one Virgil McGee, who was at the time regularly employed by defendant as a porter, cut down the tree. During the process a tree limb fell or rolled against and struck plaintiff, thereby allegedly injuring his leg and back.

It is conceded that DiBella employed regularly less than ten persons but had elected to operate under the provisions of the Missouri Workmen's Compensation Act. His liability thereunder was fully insured by the Massachusetts Bonding and Insurance Company, which corporation had duly filed its notice of such coverage with the Commission. Mr. DiBella also carried personal liability insurance. His insurer for this coverage was the Western Casualty and Surety Company of Fort Scott, Kansas.

We quote from Section 287.120(1) V.A. M.S., Workmen's Compensation:

"If both employer and employee have elected to accept the provisions of this chapter, the employer shall be liable *irrespective of negligence*, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident *arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever,* whether to the employee or any other person." (Italics ours).

■ The statutory provisions just set forth mean and it is generally understood and it is true, that where the employer-employee relationship exists and where the accident "arising out of and in the course of his employment", Workmen's Compensation applies and is the *exclusive* remedy. In such a situation the common law action for damages, based upon negligence, will not lie. Conversely, if for any valid reason, the accident is not covered by the Act, then the common law action, if negligence can be

shown, remains unaffected by the Compensation Act and available as a remedy for the injured person. In other words, the Compensation Act is not supplemental of the common law, but is wholly substitutional.

■ We shall mention two factual situations (there are others) which will take a claim for benefits out of compensation coverage. Stated otherwise, there are two requirements which must be proved before the employer becomes liable. It must be shown (1) that the employer-employee relationship existed and (2) that the accident arose out of and in the course of the employment. Neither the formal judgment of the circuit court as entered in the common law action and upon which claimant relies, nor the Court's comment made prior to entry of the judgment, includes specifically either of these factual findings although such conclusions might be inferred therefrom. Both the formal judgment and the comment are set forth later in this opinion.

We shall attempt to relate the developments in this controversy chronologically. On March 28, 1957, the plaintiff Sheen filed in the Circuit Court of Jackson County, Missouri, Independence Division, a common law action for damages, allegedly arising out of the accident which we have described. In plaintiff's petition in that suit it is alleged that plaintiff's injuries were caused by the negligence of Virgil McGee, defendant's porter and employee, who was assisting in the removal of the tree.

On December 17, 1959, this common law action came on for trial in the circuit court. Plaintiff appeared with the same lawyers who are now representing him. Since this suit sought to burden defendant with personal responsibility and did not assert any Workmen's Compensation liability, it was to be expected that defendant's personal liability insurer, the Western Casualty and Surety Company of Fort Scott, Kansas, would defend the suit and would conduct such defense by and through its attorneys. That is exactly what did happen. It should

here again be noted that Western Casualty is a different insurance company from Massachusetts Bonding, the compensation insurer, and was represented by other and different attorneys. So far as is revealed by the record, Massachusetts Bonding had neither notice nor knowledge of the common law action until after its termination, nor did it take any part in that litigation.

A transcript or at least a partial transcript of the proceedings in the common law action was incorporated into the record of the Compensation hearing. It is short and we summarize a part of the contents. Preliminary to the trial or hearing before the circuit court, Mr. Deacy, representing Western Casualty (and ipso facto the defendant) stated to the Court that their *preliminary* defense was that DiBella "was a qualified employer under the Workmen's Compensation Law with an approved insurer under the Act, and I will either prove this up in the process of the trial, which I am, of course, prepared to do, or, on the other hand, I am also prepared, to keep it from being introduced before the jury, to stipulate and agree with counsel as to those facts as to which I do not think there is any dispute." The answer filed set forth such defense.

MR. JOHNSON: (representing plaintiff): "We will stipulate.

MR. DEACY: "It is, then, stipulated and agreed that at the time of this occurrence in question the defendant, Joseph DiBella, was a qualified employer under the Missouri Workmen's Compensation Act, and that if the plaintiff were an employee of defendant at the time of the injury as defined by the Act he and the defendant would be covered by the Act, and that at the time of the occurrence in question the defendant as an employer under the Act was covered by a policy issued by an approved insurer under the Act?

MR. JOHNSON: "We will stipulate to that with the understanding that we are not stipulating that Sheen was an employee.

MR. DEACY: "I am not asking you to stipulate that."

We conclude from the statements of counsel as above set forth that both groups of attorneys knew that DiBella was (a) a qualified employer, (b) had "an approved insurer under the Act", and (c) Mr. Deacy said he was prepared to prove these facts. However, these very pertinent facts were not proved, but were in part stipulated by Mr. Deacy, representing Western, and by counsel for plaintiff. Did these attorneys have the authority to so stipulate on these matters which so vitally concerned Mr. DiBella and his compensation insurer Massachusetts Bonding if it resulted in establishing liability under the Act? Moreover, there was neither stipulation nor proof that that the accident and injury arose out of and in the course of any employment of plaintiff by DiBella.

The colloquy as set forth occurred out of the presence of the jury panel. A jury was then examined, qualified and selected. After that came a noon recess. There is partial agreement and partial disagreement as to what transpired during the noon recess. All parties agree that it was agreed to waive a jury and this was done in open court. Mr. DiBella says the case was "settled" by the attorneys during the noon recess. Counsel for plaintiff deny or at least do not admit this. Mr. Deacy for Western was not heard from on this point. We shall quote later on in part, verbatim, as to just what was said on this subject.

We incorporate additional remarks by counsel which were made in open court:

MR. DEACY: "This is a hearing on the issue of whether or not the plaintiff was an employee and the defendant was an employer and both of them were under the Missouri Workmen's Compensation Law which has been asserted as a defense in this case?

THE COURT: "That is the issue you asked the Court to try.

MR. DEACY: "Yes, we will ask the Court *to try that issue and that issue alone.*

THE COURT: *"Very well.*

MR. DEACY: "Preliminary to a trial on the other issues. And of course if the Court finds that the plaintiff and defendant are subject to the Act and that it is an exclusive remedy of the plaintiff, then the defendant would be entitled to a judgment in this action.

MR. JOHNSON: "The statement of the defendant is correct."

Thereupon the defendant DiBella was called as a witness on behalf of plaintiff. On direct examination he testified that he was owner and operator of the buffet, had employed Sheen to supervise some remodeling work and had paid him for it. He said that when the accident occurred Sheen, with the help of defendant's porter, "was trying to remove a tree." He stated that Sheen "didn't want nothing" for taking down the tree but he "gave him $15.00" after the accident. On cross-examination DiBella agreed that he maintained the building and paid plaintiff to remove the tree. The plaintiff was not called as a witness. No other or additional evidence was adduced. The hearing was closed. The trial court then made this comment:

THE COURT: "It appears from this evidence that the plaintiff and the defendant in this case were under the Workmen's Compensation Law, from the evidence that I have heard. That being the defense, judgment in this case must be in favor of the defendant in the case."

This comment, statement or finding by the Court expressed no clear conclusion that the accident arose out of and in the course of the employment and did not declare that plaintiff was a regular employee, part-time employee, statutory employee, in-

dependent contractor or volunteer. It expressed rather a denial of present and immediate jurisdiction. On the same day the following judgment was entered:

"Now on this day come the parties herein in person and by their respective attorneys, and now by agreement of the parties in open court, a Jury is waived in the trial of this cause, and the Court having heard the evidence and being fully advised in the premises, finds the issues in favor of the defendant and against the plaintiff.

"WHEREFORE IT IS ORDERED AND ADJUDGED BY THE COURT that the plaintiff have and recover nothing in this cause of action; that the defendant herein go henceforth discharged without day and have and recover of and from said plaintiff all costs incurred herein, and that execution issue therefor against the plaintiff."   .

On December 23, 1959, six days later, a written document captioned "Covenant and Agreement" was signed by plaintiff and by his attorneys. By the terms of this document, in consideration of $2,000 to them paid by the Western Casualty and Surety Company, plaintiff and his attorneys agreed not to appeal from the circuit court judgment.

Mr. Erickson, one of plaintiff's attorneys, testified at the compensation hearing relative to this settlement or covenant not to appeal. He said the oral negotiations leading up to it had been conducted by his associate Mr. Johnson and that the written settlement was entered into after entry of the judgment. We quote one question and answer on the subject:

"Q: (By Mr. Bott) Now, Mr. Erickson, as you know and I know we don't have these agreements in writing until after the papers are filed, and after the papers have been drawn up. Now, the question was, if there wasn't a verbal agreement that was entered in that

Mr. Sheen would receive two thousand dollars prior to the time that the *transcript* was made?

"A: I don't recall definitely whether that was pinned down. I doubt if it was. There were negotiations going on. Mr. Johnson was talking to Thomas Deacy about it."

At the hearing before the Referee, Mr. DiBella testified that the settlement was agreed upon during the noon recess, before the agreement to waive a jury had been made and before any testimony was heard.

Thereafter, Mr. Sheen, by and with his attorneys, Mr. Erickson and Mr. Johnson, filed a claim for Workmen's Compensation. At the hearing thereon, in addition to the testimony above relative to the circuit court action, there was medical evidence as to plaintiff's injury, with which we are not concerned on this appeal. Plaintiff testified regarding his supervision of the remodeling, and said he had been paid for it. He stated that "there was no arrangement at all with regard to pay" for removing the tree, that DiBella had expressed a desire to have the tree removed and he (Sheen) offered to remove it. However, he said DiBella did pay him $15.00 after the accident. The defendant DiBella was called by plaintiff. In response to a question as to whether or not he was Sheen's employer at the time of the accident, he said: "Well, I've got the same answer as I did before. He come down to chop down a tree." Relative to the supervising of the remodeling work, he said he paid Sheen "ten percent as the contractor"; that he discussed the tree in Sheen's presence but never made an arrangement for Sheen to remove it, that Sheen said he would bring his saw down and cut the tree and he did so. He stated further that at the time of the discussion Sheen insisted there would be no charge for the removal of the tree but that he, the defendant, said: "No, George, I have to pay somebody, and he says 'No, you won't pay me a thing' ".

The Referee denied compensation. On appeal the Commission unanimously affirmed, as follows:

"We find from all of the evidence that George E. Sheen was neither an employee or statutory employee of Joseph DiBella, d/b/a El Serena Buffet, at the time he sustained an accidental injury on February 17, 1957.

"We specifically find that George E. Sheen was not in the service of Joseph DiBella, d/b/a El Serena Buffet, under any contract of hire, express or implied, oral or written, at the time he sustained his accidental injury, but rather, that the said George E. Sheen was then and at that time a volunteer.

"Compensation, therefore, must be and the same is hereby denied."

On review, the circuit court affirmed the Commission's award and claimant has appealed.

■ Appellant on appeal presents only one assignment of error. He says the award, as affirmed by the circuit court, is based solely upon its factual findings, that Sheen was not an employee, but was rather a volunteer at the time of the accident. It is true that such was the finding. Stated differently, but in accordance with the statutory requirements, it was a finding that at the time of the accident claimant was (a) not an employee but a volunteer, and (b) the accident did not arise out of and in the course of any employment plaintiff had with the defendant. We believe that such findings are supported by the evidence and plaintiff on this appeal does not contend otherwise. However, that is not the question before us. Plaintiff says that the circuit court judgment entered prior to the filing and hearing of the compensation claim, decisively determined all of these facts exactly contra, that such judgment became final and is res judicata on the issues as to whether or not Sheen was an employee at the time of the accident and whether or not it arose out of the employ-

ment, and that the Commission erroneously undertook to determine these questions anew and that it exceeded its authority when it did not accept and adopt such circuit court findings, regardless of the evidence, and proceed merely to compute the amount of plaintiff's benefits.

Commenting upon the scope of the Compensation Act, the court in State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061, 1065, said:

> "The Workmen's Compensation Act is a complete code governing all questions of substantive right under its terms; and in cases cognizable before the Commission its jurisdiction is exclusive; it is not cumulative to or supplemental of common law but is wholly substitutional;."

In McKay v. Delico Meat Products Co., 351 Mo. 876, 174 S.W.2d 149, 155, the Supreme Court said:

> "It is well settled that the Workmen's Compensation Act is wholly substitutional in character and that any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable."

In this McKay case a common law judgment for plaintiff was reversed outright, the appellate court ruling that defendant's answer, plaintiff's admissions and the evidence established *as a matter of law* that the Compensation Act applied to plaintiff's accident.

■ In cases cognizable before it, the jurisdiction of the Commission is original and exclusive. Many years ago the Supreme Court (Kemper v. Gluck, 327 Mo. 733, 39 S.W.2d 330, 332) used this language in declaring the rule:

> "In all cases cognizable by the Compensation Commission its jurisdiction is exclusive. Whether or not the case comes within the provisions of the act is a question of fact."

Our own court (Barbus v. Rinor et al., Mo.App., 197 S.W.2d 1008, 1009) enunciated the same principle this way:

> "Whether a case comes within the Workmen's Compensation Act is a question of fact for determination by the Commission; but whether there is any substantial evidence bringing the case within the Act is a question of law for determination by the court."

In Liechty v. Kansas City Bridge Co. et al., Mo., 162 S.W.2d 275, 279, the court commented:

> "And, while it is true that the Commission cannot usurp judicial functions contrary to the constitutional inhibition, it has those powers which are incidental and necessary to the proper discharge of its duties in administering the Compensation Act, * * * and it frequently happens that a full discharge of those duties requires the Commission to determine questions of a purely legal nature, such as whether the employee was covered by the contract of insurance or whether the employee had received a compensable injury *in the course of his employment*; whether the alleged employee was an *independent contractor* or whether he was employed by an independent contractor rather than by the alleged employer. These and many other judicial questions, as far reaching as the question of law involved in this case, have uniformly been held to be proper questions for the Commission's determination in the proper administration of the Compensation Law." (Italics ours).

100 C.J.S. Workmen's Compensation § 383, p. 139, phrases it this way:

> "A workmen's compensation board or commission is generally clothed with full and complete jurisdiction to determine *in the first instance* all questions arising under the compensation law." (Italics added).

There are numerous cases, including Hines v. Continental Baking Co. Inc., Mo.App., 334 S.W.2d 140, 84 A.L.R.2d 1027 (chiefly relied upon by claimant) holding that where there has first been a full and complete hearing on the merits before the Commission, with all interested parties present and the Commission has entered an award finding the Act not applicable because there was no employer-employee relationship or the accident did not arise out of the employment and such award or judgment has become final, it is res judicata and defendant who has successfully asserted before the Commission that the Act did not apply is precluded or estopped to assert the contrary in a later common law action. This seems to be a sound position. The Hines case is the subject of an extensive annotation and therein (84 A.L.R.2d 1050) we find this statement:

"It has been generally held that a determination by a workmen's compensation tribunal that an employee's injuries (or death) did not arise out of and in the course of his employment is conclusive in an action at law brought to recover for the same injuries (or death)."

There is a line of authority in accord with the McKay case, supra, where (1) defendant in the common law suit pleads applicability of the Compensation Act, (2) defendant testifies under oath that such is the fact and (3) there is a full, complete adversary contest on the merits and (4) the court finds the evidence that the Act applies is so overwhelming as to pass from a fact question to one of law, then the court may act. But where the applicability of the Act is in real dispute and where the evidence, including the admissions, is not so overwhelming as to pass from a disputed question of fact to an unalterable legal conclusion, does the circuit court have jurisdiction to make factual findings determinative of the issues even in a suit brought before it originally or should it refuse to accept jurisdiction until the Commission

has acted? If in such situations the circuit court accepts all such cases brought before it and attempts to act with finality when the issue of jurisdiction is raised, is it not assuming concurrent jurisdiction with the Commission and in essence nullifying the legislative intent and enactment which placed exclusive original jurisdiction with the Commission? We find no Missouri case holding that the courts have such concurrent jurisdiction but find many to the effect that the Commission has exclusive and original jurisdiction.

Now as to the guidelines which have been laid down in the application of the doctrine of res judicata generally and as a legal principle:

"Res judicata is a rule of universal law pervading every well regulated system of jurisprudence, and is put on two grounds, embodied in various maxims of the common law; the one, public policy and necessity, which makes it to the interest of the state that there should be an end to litigation; the other, the hardship on the individual that he should be vexed twice for the same cause." 50 C.J.S. Judgments—Res Judicata, § 592, p. 11.

In Richter v. Frieden et al., Mo.App., 243 S.W.2d 783, 787, the court incorporated with approval this declaration from Motley v. Dugan, Mo.App., 191 S.W.2d 979, 983:

"A judgment rendered on any grounds which do not involve the merits of the action may not be used as a basis for the operation of the doctrine of res adjudicata."

■ In State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061, claimant had first filed a common law action. Applicability of Workmen's Compensation and therefore lack of jurisdiction was interposed as a defense. The court sustained the plea and dismissed the suit for want of jurisdiction. In a later suit based upon the same claim, the defense of res judicata was disallowed because the first judgment was

not entered after a trial on the merits and a judgment or dismissal for *want of jurisdiction* is never res judicata as to the merits of the cause. 1 Bouv. Law Dict. Rawle's Third Revision, p. 1719, gives the following definition as to the meaning of the term "judgment on the merits": "Judgment on the merits is one rendered after argument and investigation and when it is determined which party is in the right, as distinguished from a judgment rendered upon some preliminary or merely technical point, or by default, and without trial". In 50 C.J.S. Judgment § 627, pp. 51, 53, we find the general declaration in this language:

"In order that a judgment may operate as a bar to a subsequent suit on the same cause of action it must have been based on the merits of the case."

"A judgment is not on the merits if the case went off on any preliminary, subsidiary, or technical plea or objection. Accordingly, a judgment for defendant on the ground that the court is without jurisdiction is not a bar to a subsequent action."

Regardless of the phraseology used or the terms in which it is couched, a judgment cannot transcend or extend over, above and beyond the issues which were raised and presented. 49 C.J.S. Judgments § 441, pp. 872, 873, tells us:

"A judgment should be construed with reference to the issues raised in the case and which are intended to be decided, and the scope of the judgment is not to be extended beyond the issues raised in the case, or the state of facts and situation of the parties existing at the time of the action."

In the circuit court hearing which resulted in entry of the judgment, counsel spoke of their "preliminary defense", requested that the court try "that issue and that issue alone" and the court agreed to do so. We do not believe that prior to the entry of the circuit court judgment in our

case that there had been such a "trial on the merits" or "judgment on the merits" as is required for such judgment to acquire res judicata status. We believe that the circuit court judgment was actually one for defendant on the ground that the court believed it was without jurisdiction. As stated in 50 C.J.S., supra: "[A] judgment for defendant on the ground that the court is without jurisdiction is not a bar to a subsequent action." In our opinion the judgment here relied upon is just such a judgment and is not res judicata.

We rule that appellant's sole assignment of error or contention on appeal, that is, that the judgment of the circuit court is a final, binding and conclusive adjudication that plaintiff was defendant's employee within the Workmen's Compensation Act and that the accident arose out of and in the course of his employment, so as to require the Commission to accept such determination as res judicata and proceed only with the award of benefits, is not a point well taken. We overrule the assignment for the following reasons:

(1) The circuit court judgment, including the court's comment, did not squarely determine, after a full hearing on the merits, that the employer-employee relationship existed and that the accident arose out of and in the course of the employment within the meaning of the Compensation Act, but rather that such defense having been raised, the court was without jurisdiction unless and until such fact questions were decided by the Commission, which body had exclusive original jurisdiction thereof; (2) The circuit court trial or hearing culminating in the judgment relied upon by claimant was not in actuality and did not even purport to be a "trial on the merits" and therefore could not become res judicata on the fact issues relative to employer-employee relationship and if the accident arose out of and in the course of the employment. Even if the court's comment is treated as a part of the judgment, it did not even attempt to declare, determine or

decide if claimant was a regular employee, part-time employee, statutory employee, or volunteer; (3) The circuit court judgment is in fact, under any reasonable appraisal of the circumstances under which it was entered and the points presented for determination, a dismissal of plaintiff's suit or a judgment for defendant for the sole cause of want of jurisdiction and such a judgment in any type of case is not res judicata as to the merits of the controversy, or any integral part of such merits, and does not preclude a later and actual trial on the merits before a tribunal having jurisdiction. Stated differently, it was the court's conclusion that plaintiff had misconceived his remedy or had brought his suit prematurely or that the cause was not yet ripe and ready for adjudication in that forum, hence the judgment against him. In such a situation the merits of the controversy, pro and con, have not been adjudicated at all, much less with finality. The disposal was based upon lack of jurisdiction.

Since entry of the circuit court judgment the Commission has, after a full hearing on the merits, determined that plaintiff was not an employee, and that the accident did not arise out of any such employment, and that the injury is not compensible under the Act.

Plaintiff says the Commission finding and the circuit court judgment taken together leave him impaled on the horns of a dilemma—that his claim has been tossed out of both forums, that nowhere can the merits of his action be litigated and that such an end result amounts to manifest injustice. We agree with plaintiff's conclusion but disagree with his premises. If and when the Commission award or judgment becomes final, then, except for the settlement which plaintiff made with defendant and with defendant's personal liability insurer as to his common law action (and bypassing any possible statute of limitations hurdle) we have little doubt but that plaintiff could then bring his common law action and litigate it on the merits, and that the existing circuit court judgment against him on the basis of lack of jurisdiction could not be successfully interposed as being res judicata of the matter and a bar to such suit. Such a judgment entered for lack of present jurisdiction is just not res judicata of the controversy.

We hold that the Court did not err in affirming the award of the Commission and the Commission did not err when it determined after hearing evidence and upon the merits, the fact questions as to (1) whether or not plaintiff at the time of the accident was an employee of the defendant and (2) if the accident did or did not arise out of and in the course of such employment, both within the purview and within the meaning of the Workmen's Compensation Act. The judgment of the circuit court was not res judicata as to these fact issues and the Commission was not precluded by such judgment from examining and adjudicating such issues on the merits.

Appellant has presented no other or additional assignment of error. The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.