Kevin COOPER, Plaintiff/Appellant,

v.

CHRYSLER GROUP, LLC, Defendant/Respondent.

No. ED 96549.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 13, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 23, 2012.

Application for Transfer Denied April 3, 2012.

Eric D. Holland, Steven L. Groves, Holland, Groves, Schneller & Stolze, LLC, St. Louis, MO, for appellant.

Maureen A. McGlynn, Benjamin A. Shelledy, Kortenhof McGlynn LLC, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE,
Presiding Judge.

Plaintiff, Kevin Cooper, appeals from the entry of summary judgment in favor of defendant, Chrysler Group, LLC, in his negligence action to recover damages for injuries suffered in a workplace slip and fall. The trial court entered summary judgment on the ground that plaintiff's exclusive remedy for damages caused by injuries arising from a slip and fall on his employer's premises was with the Labor and Industrial Relations Commission (the Commission), where his workers' compensation claim was pending. We reverse and remand with directions to the circuit court to enter a stay of proceedings until the Commission has determined whether there

was an "accidental injury" as defined by the Workers' Compensation Law.

## UNCONTROVERTED FACTS AND PROCEDURAL BACKGROUND

On March 2, 2007, plaintiff slipped on the floor of his employer's [1] place of business in the course and scope of his employment. On March 9, 2007, plaintiff filed a claim for compensation with the Division of Workers' Compensation for injuries to his back and to his body as a whole from the March 2, 2007, slip and fall. Defendant filed an answer to plaintiff's claim in which it admitted that plaintiff was an employee, that the parties were working under and subject to the Missouri Workers' Compensation Law, and that plaintiff "sustained a workplace accident." Defendant provided physical therapy to plaintiff as treatment for the injuries he allegedly sustained on March 2, 2007.

On October 15, 2009, counsel for defendant confirmed by letter that defendant disputed medical causation, and asserted that "claimant's surgery was not necessitated by the fall." On January 28, 2010, counsel for defendant confirmed in an email to plaintiffs counsel that defendant "did not deny the accident, but rather, challenged whether surgery in 2008 was related to the accident."

In the meantime, plaintiff filed a civil lawsuit against defendant. As amended, the petition sought "damages on the same set of facts and for the same injury as that alleged in his workers' compensation claim." Defendant filed an answer in which it asserted as one of its affirmative defenses the exclusivity of plaintiff's remedy under the Workers' Compensation Law. Defendant thereafter filed a motion for summary judgment in the circuit court on the ground that plaintiffs exclusive remedy was under the Workers' Compensation Law. At the time the summary judgment motion was filed, plaintiff's workers' compensation claim was still pending. Plaintiff opposed the summary judgment motion on the ground that the Act was not the exclusive remedy because the fall was not "the prevailing factor" in plaintiffs injury and was not an "accident" as defined in the Workers' Compensation Law. The trial court entered summary judgment in defendant's favor.

## DISCUSSION

### I. Exclusivity of Workers' Compensation Law

■ For his sole point on appeal, plaintiff asserts that the trial court erred in granting defendant's motion for summary judgment because "defendant's denial of plaintiff's workers' compensation claim on the basis that the March 2, 2007[,] slip and fall incident is not the prevailing factor in plaintiff's medical condition takes the claim outside the exclusive scope of the workers' compensation law in that plaintiff's incident is not an injury or accident as defined by the act."

As a preliminary matter, we observe that plaintiff's point relied on is based on the assumption that defendant "denied" plaintiff's workers' compensation claim and did so on the ground that the slip and fall was not the "prevailing factor" in plaintiff's medical condition. The record that plaintiff cites does not support the assumptions that defendant "denied" the claim or that it claimed the slip and fall was not the "prevailing factor." Rather, the record cited in plaintiff's brief shows that defen-

---

[1]. Defendant has assumed responsibility for all workers' compensation claims filed against plaintiff's employer.

dant admitted the applicability of the Workers' Compensation Law and that plaintiff had sustained an accident, but that the parties disputed whether claimant's 2008 back surgery was caused by the fall.

Plaintiffs legal theory is that because the 2005 amendments to the Workers' Compensation Law narrowed the definition of "injury," if his injury was not within that definition, he has a right to bring a civil action. He relies on *Missouri Alliance v. Dept. of Labor*, 277 S.W.3d 670 (Mo. banc 2009) (plurality opinion). In *Missouri Alliance*, the plurality first reviewed the exclusivity provisions of the Workers' Compensation Law as set out in section 287.120 RSMo (Cum.Supp.2006).[2] It concluded: "This section makes the act the exclusive remedy for the employee only on account of 'such accidental injury or death.' In other words, it is the exclusive remedy only for those 'injuries' that come within the definition of the term 'accident' under the act." *Id.* The plurality then reviewed the definition of "accident" as contained in section 287.020.2, and concluded:

> Read together, this means that if an "injury" comes within the definition of the term "accident" as defined in section 287.020.2, then it is included within the exclusivity provisions of the act, and recovery can be had, if at all, only under the terms set out in the act. If the "injury" is one that is not included within the term "accident" as defined in the act, however, then under section 287.120.1 an employer shall not be liable to the employee under the act and the injury, therefore, is not subject to the exclusivity provisions of the act....

*Id.* It added: "Workers excluded from the act by the narrower definition of 'accidental injury' have a right to bring suit under the common law, just as they could and did prior to the initial adoption of the act." *Id.* at 680.

█ *Missouri Alliance* did not address or purport to change the primary jurisdiction doctrine, under which the Commission has original jurisdiction to determine issues of fact within its jurisdiction. The primary jurisdiction doctrine provides that "courts will not decide a controversy involving a question within the jurisdiction of an administrative tribunal until after that tribunal has rendered its decision." *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991). Pursuant to this doctrine, the Commission has original jurisdiction to determine the fact issues that establish whether or not a claim is subject to the jurisdiction of the Commission. *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723, 726 (Mo. banc 1982) (citing *Sheen v. DiBella*, 395 S.W.2d 296, 303 (Mo.App.1965)); *see also State ex rel. Ford Motor Co. v. Nixon*, 219 S.W.3d 846, 849 (Mo.App.2007); *Deckard v. O'Reilly Automotive, Inc.*, 31 S.W.3d 6, 14 (Mo.App. 2000), *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003); *State ex rel. FAG Bearings Corp. v. Perigo*, 8 S.W.3d 118, 121 (Mo.App.1999). These questions arise "(1) where administrative knowledge and expertise are demanded; (2) to determine technical, intricate fact questions; (3) where uniformity is important to the regulatory scheme." *Killian*, 802 S.W.2d at 160. *See Deckard*, 31 S.W.3d at 14. In other words, the primary jurisdiction doctrine applies to questions involving "administrative expertise, technical factual situations and regulatory systems in which uniformity of administration is essential." *Jones v. Jay Truck Driver Training Center*, 709 S.W.2d 114, 115 (Mo.

---

**2.** All further references will be to RSMo (Cum.Supp.2006).

banc 1986), *overruled on other grounds by McCracken v. Wal–Mart Stores East, LP,* 298 S.W.3d 473, 479, 479 n. 3 (Mo. banc 2009). These questions include determinations of whether there was an accident arising out of and in the course of employment, *Harris v. Westin Management Co. East,* 230 S.W.3d 1, 3 (Mo. banc 2007); *Killian,* 802 S.W.2d at 160; *State ex rel. Consumer Adj. v. Anderson,* 815 S.W.2d 84, 86 (Mo.App.1991); *Jones,* 709 S.W.2d at 115, and whether an employee's injury resulted from an accident or an intentional act. *Killian,* 802 S.W.2d at 160–61; *Nixon,* 219 S.W.3d at 849; *Deckard,* 31 S.W.3d at 14–15; *see also Perigo,* 8 S.W.3d at 122. Thus, under the primary jurisdiction doctrine, the circuit court does not have the authority to determine the question of whether there was an "accidental injury" within the definitions of the Workers' Compensation Law.

As applied to this case, the issue of whether there was an "accidental injury" and specifically the issue of whether the need for the 2008 surgery was caused by the March 2, 2007, workplace accident are clearly disputed questions of fact that the circuit court does not have the authority to decide because they are within the Commission's original jurisdiction. The trial court did not err in finding from the uncontested facts before it that this contested issue was within the Commission's jurisdiction. However, for the reasons that follow, the question whether summary judgment is the proper remedy at this stage of the proceedings merits plain error review.

## II. *Plain Error Review of Remedy*

In his brief, plaintiff did not raise the question of whether summary judgment was the proper remedy if, as we have held, the trial court did not err in concluding that the issue of whether plaintiff sustained an accidental injury was within the exclusive authority of the Commission. Because plaintiff failed to brief this issue, we can reverse and remand only if we find plain error under Rule 84.13(c). That rule provides that "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

■ In determining whether to exercise our discretion to provide plain error review, we determine whether substantial grounds facially appear for believing that the trial court committed error that is evident, obvious, and clear, and that resulted in manifest injustice or a miscarriage of justice. *Wilson ex rel. Wilson v. Simmons,* 103 S.W.3d 211, 220 (Mo.App.2003). This process involves two steps: First, we must determine whether the trial court actually committed evident, obvious and clear error that affected substantial rights; and second, we must determine whether the evident, obvious, and clear error resulted in manifest injustice or a miscarriage of justice. *Id.*

### A. *Actual Commission of Evident, Obvious, and Clear Error*

■ We first consider whether the trial court facially committed error that is evident, obvious, and clear when it entered summary judgment in defendant's favor. In this case, the question is whether plaintiff suffered an accidental injury as defined in the Workers' Compensation Law, which, as we have discussed, is a question of fact that must be decided by the Commission.

Prior to *McCracken v. Wal–Mart Stores East, LP,* 298 S.W.3d 473, 478–79 (Mo. banc 2009), courts had allowed the workers' compensation exclusivity defense to be raised by a motion to dismiss for lack of subject matter jurisdiction. *See, e.g., State*

*ex rel. McDonnell Douglas v. Ryan,* 745 S.W.2d 152, 153 (Mo. banc 1988), *overruled by McCracken,* 298 S.W.3d at 479, 479 n. 6. However, a dismissal for lack of subject matter jurisdiction did not prevent a plaintiff from refiling his common law action and litigating it on the merits if the Commission subsequently determined that the plaintiff's injury was not compensable under the Workers' Compensation Law. *Sheen,* 395 S.W.2d at 303–04.

*McCracken* held that the exclusivity defense invoked the circuit court's authority to act, not its subject matter jurisdiction. 298 S.W.3d at 477. It concluded that workers' compensation exclusivity is therefore not a defense that may be raised by a motion to dismiss for lack of subject matter jurisdiction. 298 S.W.3d at 479. *McCracken* held that in future cases the applicability of the Workers' Compensation Law must be raised as an affirmative defense, but in pending cases the issue would be considered preserved although it was raised by motion to dismiss. *Id.* at 479–80.

■ *McCracken* dealt with the issue of whether plaintiff was a statutory employee, which, unlike the question of accidental injury, is a question of law that a circuit court has the authority to decide. 298 S.W.3d at 479; *Harris,* 230 S.W.3d at 3. A circuit court has the authority to determine the fundamental legal issue of the existence of an employer-employee relationship at the time of the injury. *Killian,* 802 S.W.2d at 160; *Deckard,* 31 S.W.3d at 15; *see also Perigo,* 8 S.W.3d at 121–22; *Jones,* 709 S.W.2d at 115. It was for this reason that the *McCracken* court went on to address the statutory employment issue on the merits.

■ *McCracken* has been applied in several cases in which the application of the exclusivity defense is challenged on the ground that the action is filed against a co-employee whose actions take him outside the definition of "employer." This is likewise a question of law to be determined by the circuit court. *Gunnett v. Girardier Bldg. and Realty Co.,* 70 S.W.3d 632, 639 (Mo.App.2002) (quoting *Strickland v. Taco Bell Corp.,* 849 S.W.2d 127, 131–32 (Mo. App.1993)). Our courts of appeals have held that in such cases, a defendant who seeks a pretrial dismissal based on workers' compensation exclusivity must file a motion for summary judgment, *Fortenberry v. Buck,* 307 S.W.3d 676, 679 (Mo.App. 2010), unless other circumstances allow relief under Rule 55.27(a)(6) or (b). *Id.* at 679 n. 2. *See also Treaster v. Betts,* 324 S.W.3d 487, 490 (Mo.App.2010); *Robinson v. Hooker,* 323 S.W.3d 418, 422 (Mo.App. 2010). Thus, when the issue is the existence of an employer-employee relationship, a question of law, the circuit court can decide the employment question on the merits on a motion for summary judgment, and its decision will determine whether summary judgment is entered and the case goes to the Commission, or summary judgment is denied and the case stays with the court. The motion for summary judgment allows the circuit court to decide, as it must, the question of law in the first instance.

In this case, however, the exclusivity defense does not involve a question of law to be determined by the circuit court. Rather, the exclusivity defense is based on the existence of accidental injury, which is an issue of fact for the Commission, not the circuit court, to decide. In this situation, it would be inappropriate for a court to enter summary judgment on the exclusivity defense *before* the Commission decides the question of accidental injury because summary judgment would bar the refiling of the lawsuit if the Commission does not find an accidental injury.

Accordingly, the entry of summary judgment is premature until the Commission

has decided the question of accidental injury. If the Commission determines there was an accidental injury, then the exclusivity provisions of the Workers' Compensation Law would require termination of the civil lawsuit. However, if the Commission determines that there was no accidental injury, then plaintiff would be able to proceed with the civil lawsuit. Therefore, the appropriate remedy in the circuit court at this stage of the proceedings is a stay of proceedings while the Commission determines whether there has been an accidental injury. *Logan v. Sho–Me Power Elec. Co-op.*, 122 S.W.3d 670, 683 (Mo.App.2003).

In *Logan*, the injured employee filed a common law action in circuit court. The disputed issue was whether the employee's injury was caused by an intentional act or by accident, which is one of the fact questions that requires agency expertise and must be determined by the Commission. The defendant employer raised the exclusivity defense by a motion to dismiss for lack of subject matter jurisdiction, and the trial court granted the motion. On appeal, the court of appeals held that the circuit court had subject matter jurisdiction over the tort case. *Id.* at 682–83. However, the *Logan* court continued, because the existence of an accident was in question, the circuit court did not have the *authority* to decide if an on-the-job injury resulted from an accident or an intentional act by the employer. *Id.* at 682. *Logan* recognized that nothing prohibits a tort case from being filed and left pending in the circuit court until the Commission has decided the issue of "accident versus intentional act." *Id.* (citing *State ex rel. Riss Intern. Corp. v. Sanders*, 604 S.W.2d 632, 633–34 (Mo.App.1980)). It concluded that the trial court abused its discretion by dismissing the plaintiff's claim against his employer and refusing to stay or hold in abeyance that count of the plaintiff's petition until the Commission resolved the fact issue, which in Logan was whether the injury was caused by accident or intentional act. *Id.* at 683. Thus, *Logan* proceeds on the same premise as *McCracken*, that the circuit court had subject matter jurisdiction, but *Logan* applies this premise in the context of the exclusivity defense based on a fact question rather than on a question of law.

In this case, the trial court entered summary judgment, which is a final judgment. Although the Commission has exclusive jurisdiction to determine accidental injury, if it does not find an accidental injury, plaintiff should then be able to pursue his civil cause of action. That cause of action should not be terminated by summary judgment before the Commission's decision. The trial court's premature grant of summary judgment was obvious, evident, and clear error, and a substantial right was affected.

### B. *Manifest Injustice*

During oral argument, both parties agreed that summary judgment would terminate the civil lawsuit on the merits and with prejudice. Plaintiff argued that summary judgment would preclude him from refiling his case should the Commission find that plaintiff was excluded from the Workers' Compensation Law by the new, narrower definition of accidental injury. He also argued that he had to file his civil action before his workers' compensation claim was decided in order to avoid the statute of limitations. Although these arguments were made in a different context, they serve to illustrate why the entry of summary judgment resulted in a manifest injustice; it prematurely terminated plaintiff's civil action, which he had a right to file and leave pending in the circuit court while the Commission decided whether there was an accidental injury. The trial court plainly erred in entering summary

judgment as a remedy to enforce the workers' compensation exclusivity defense when that defense was based on a fact question to be decided by the Commission.

*Conclusion*

The judgment of the trial court is reversed and the cause is remanded for entry of a stay of proceedings consistent with this opinion.

LAWRENCE E. MOONEY, J., concurs.

KENNETH M. ROMINES, J., concurs in a separate concurring opinion.

KENNETH M. ROMINES, J., concurring.

I agree completely with the analysis and result reached by Judge Crane. I write only to note that this is the inevitable result of the narrowing of the definition of "accidental injury" by the Legislature. The required result of such "narrowing" can be seen in the manner in which we recently applied this Legislative dictate in *Johme v. St. John's Mercy Healthcare,* ED96467 (Mo.App.E.D.2011).

Clearly the Legislature prefers jury trials.