Sarah CHANNEL and Mary
Channel, Appellants,

v.

CINTAS CORPORATION NO.
2, et al., Respondents.

WD 79673

Missouri Court of Appeals,
Western District.

OPINION FILED: March 28, 2017

Before Division Four: Mark D. Pfeiffer, Chief Judge Presiding, Thomas H. Newton, and Anthony Rex Gabbert, Judges

Thomas H. Newton, Judge

Ms. Sarah Channel appeals an order of summary judgment deeming Mr. Channel's death an accident under Workers Compensation case law and finding that Ms. Channel's lawsuit was barred by the exclusivity doctrine. We reverse and remand for further proceedings consistent with our ruling today, including our instruction that the circuit court shall stay the proceedings below until such time as the issue of "accidental injury" has been finally adjudicated by the Labor and Industrial Commission and any appeal therefrom.

Mr. Thomas Channel was employed as a route delivery driver for Cintas Corporation (Cintas). Mr. Stephen Walker was Mr. Channel's co-employee supervisor. Cintas implemented "Heat Stress Safety Training" that all employees at Cintas attended to teach them how to deal with heat-related issues. Essentially, the claim underlying this lawsuit is that Mr. Walker purposefully set upon a course of creating an adverse work environment that ignored the heat-safety protocol and would result in Mr. Channel terminating his employment with Cintas. The lawsuit alleges that Mr. Walker's scheme included placing Mr. Channel, the oldest delivery person, in the only delivery truck not equipped with air conditioning on a day when temperatures exceeded 100 degrees. Indeed, Mr. Channel succumbed to heat stroke on this occasion and died.

In July 2014, Ms. Channel filed her second amended wrongful death petition alleging that Mr. Walker was personally liable to the Appellants because he breached a personal duty of care owed to Mr. Channel and Cintas was vicariously liable for Mr. Walker's negligence. In November 2015, Cintas and Mr. Walker filed their motion for summary judgment. Cintas argued that Ms. Channel's exclusive remedy was under Missouri's Workers' Compensation Act and Mr. Walker argued that the undisputed facts were insufficient to find that he breached any duty other than that of the employer's nondelegable duty to keep its employees safe. Ms. Channel filed her response in January 2016. Cintas and Mr. Walker filed their reply in February 2016. The circuit court heard argument in March 2016 and entered summary judgment in favor of Cintas and Mr. Walker. Specifically, the circuit court concluded that Mr. Channel's death was the result of an "accidental injury" caused by workplace activities and that the exclusive forum for the recovery of damages was via a workers' compensation claim. This appeal follows.

## Legal Analysis

"The grant of summary judgment is an issue of law that an appellate court determines de novo." *Brehm v. Bacon Twp.*, 426 S.W.3d 1, 3 (Mo. banc 2014). We "will review the record in the light most favorable to the party against whom judgment was entered" and "accord the non-movant the benefit of all reasonable inferences from the record." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "Summary judgment will be upheld on appeal only if this court finds that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." *Topps v. City of Country Club*

*Hills*, 236 S.W.3d 660 (Mo. App. E.D. 2007).

In the second point, Ms. Channel asserts that the trial court erred in granting summary judgment for Cintas because, under the primary jurisdiction doctrine, the circuit court did not have authority to determine if there was an accidental injury within the definitions of the workers' compensation law while a workers' compensation claim is still pending. Because the jurisdictional determination of this point will govern the Court's ability to rule on the liability issue raised by point one, we will only address point two.

The Missouri Supreme Court ruled "that the Labor and Industrial Relations Commission has exclusive jurisdiction to determine whether an employee's injuries resulted from an accident." *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991). "The Court reasoned that recognition of the concurrent jurisdiction in the circuit court to determine that question would nullify the legislative intent to place exclusive jurisdiction in the Commission." *Id.* Therefore, workers' compensation law is "the exclusive remedy only for those 'injuries' that come within the definition of the term 'accident' under the act." [1] *Cooper v. Chrysler Group, LLC*, 361 S.W.3d 60, 63 (Mo. App. E.D. 2011)

"The primary jurisdiction doctrine provides that 'courts will not decide a controversy involving a question within the jurisdiction of an administrative tribunal until after that tribunal has rendered its decision.'" *Id.* (quoting *Killian*, 802 S.W.2d at 160). Under this doctrine, "the Commission has original jurisdiction to determine the fact issues that establish whether or not a claim is subject to the jurisdiction of the Commission." *Cooper*, 361 S.W.3d at 63. This doctrine applies to issues "involving 'administrative expertise, technical factual situations and regulatory systems in which uniformity of administration is essential.'" *Id.* (quoting *Jones v. Jay Truck Driver Training Ctr.*, 709 S.W.2d 114, 115 (Mo. banc 1986)). Included in these issues are "determinations of whether there was an accident arising out of and in the course of employment, and whether an employee's injury resulted from an accident or an intentional act." *Id.* at 64 (internal citations omitted). *See Killian*, 802 S.W.2d at 161 ("[W]e hold that the question whether [the employee's] injuries were the product of an accident ... lies within the exclusive jurisdiction of the Labor and Industrial Relations Commission."); *see also State ex rel. McDonnell Douglas Corp. v. Ryan*, 745 S.W.2d 152, 154 (Mo. banc 1988) (The sole issue before the court was if the decedent's death constituted an accident under the Workers' Compensation Act. The court ruled that "[t]he Labor and Industrial Relations Commission has sole jurisdiction to determine whether decedent's death was an 'accident.' Neither the trial court nor this Court can make that determination."), overruled on other grounds by *McCracken v. Wal-Mart Stores East, LP*, 298 S.W.3d 473 (Mo. banc 2009).

We have determined that defendants seeking a pretrial dismissal based on workers' compensation exclusivity must file a motion for summary judgment unless relief is allowed under Rule 55.27(a)(6) or (b). *Cooper*, 361 S.W.3d at 65.

---

1. Under section 287.020.2, "[t]he word 'accident' as used in this chapter shall mean an unexpected traumatic event or unusual strain identifiable by time and place of occurrence and producing at the time objective symptoms of an injury caused by a specific event during a single work shift. An injury is not compensable because work was a triggering or precipitating factor."

[T]he exclusivity defense is based on the existence of accidental injury, which is an issue of fact for the Commission, not the circuit court, to decide. In this situation, it would be inappropriate for a court to enter summary judgment on the exclusivity defense *before* the Commission decides the question of accidental injury because summary judgment would bar the refiling of the lawsuit if the Commission does not find an accidental injury.

Accordingly, the entry of summary judgment is premature until the Commission has decided the question of accidental injury. If the Commission determines there was an accidental injury, then the exclusivity provisions of the workers compensation law would require termination of the civil lawsuit. If the Commission, however, determines that there was no accidental injury, then plaintiff would be able to proceed with the civil lawsuit.

*Id.* at 65–66 (citing *Logan v. Sho-Me Power Elec. Co-op.*, 122 S.W.3d 670, 683 (Mo. App. S.D. 2003)). The same is true here, requiring the same remedy as that pronounced by the *Cooper* court.

Here, the trial court's order granting defendants' motion for summary judgment deeming Mr. Channel's death an accident is premature. Under the primary jurisdiction doctrine, the trial court lacks jurisdiction to decide if the decedent's death constitutes an accident or an intentional act because that responsibility lies exclusively with the Labor and Industrial Relations Commission. When the circuit court heard summary judgment in this case, a workers' compensation claim had been "on file for quite some time." The record does not reflect that this claim was disposed of before the trial court's summary judgment hearing. Therefore, because the Commission had not made a determination about the accidental nature of Mr. Channel's death before the trial court's order, the trial court's order exceeds its authority.

To uphold the summary judgment ruling of the circuit court would prematurely deny Ms. Channel the opportunity to proceed with a civil law-suit if the Commission determines Mr. Channel's death was not an accident as defined within the worker's compensation law. Therefore, summary judgment was entered in violation of the primary jurisdiction doctrine and would prematurely inhibit the pursuit of justice. Point II is granted.

## Conclusion

Accordingly, we reverse the trial court's summary judgment ruling and remanded the case for entry of a stay of proceedings consistent with this opinion.[2]

Mark D. Pfeiffer, C.J., and Anthony Rex Gabbert, J., concur.

---

**2.** Respondents argue that the Commission may never reach the issue of "accidental injury," because it may dismiss the pending claim for compensation on procedural grounds (i.e. statute of limitations defense or lack of standing). We disagree. For a Chapter 287 limitations or standing defense to be applicable, the Commission must first determine if the claim is the result of an accidental injury as defined by the Workers' Compensation Law. Only if the claim for compensation is, in fact, accidental can a workers' compensation limitation or standing defense apply. If the injury is not accidental, the workers' compensation statutes relating to the time within which a claim must be filed or by whom it must be filed are irrelevant. Instead, if the Commission determines that this is not an accidental

injury and dismisses the claim on that basis, the only relevant statute of limitation or standing defense would be those applicable to civil lawsuits, not workers' compensation claims.